Case 1:97-cv-00016   Document 15   Filed in TXSD on 01/22/2001   Page 1 of 13

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, RESPONDENT, | § § § § | |
| versus, | § § § § | NO. 98-40922 U.S.D.C. NO. B-97-CV-16 93-CR-132-4 |
| TERRY DEWAYNE WILLIAMSON, APPELLANT. | § § § | |

MOTION TO AMEND 28 U.S.C. §2255 MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE

NOW INTO THIS HONORABLE COURT COMES Terry Dewayne Williamson, petitioner, by way of propia persona representation and moves this Honorable Court to amend this petitioner's §2255 motion to Vacate, Set Aside or Correct Sentence pursuant to Rule 15(a0 of the Federal Rules of Civil Procedure.

A memorandum brief in support of this motion is made part of this motion by reference herein.

Respectfully Submitted,

Terry Dewayne Williamson
Petitioner Pro-Se
U.S.M. No.39570-079
Post Office Box 15330
Fort Worth, Texas 76119

-1-

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT, | § | |
| | § | |
| | § | |
| versus, | § | NO. 98-40922 |
| | § | U.S.D.C. NO. B-97-CV-16 |
| | § | 93-CR-132-4 |
| TERRY DEWAYNE WILLIAMSON, | § | |
| APPELLANT. | § | |
| | § | |

MOTION TO AMEND 28 U.S.C. §2255 MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO RULE 15(a)
OF THE FEDERAL RULES OF CIVIL PROCEDURE

TITLE 28 U.S.C. §2242 provides that Habeas Corpus applications "may be amended or supplemented as provided in the Rules of procedure applicable to civil action." Rule 12 of the Rules governing 28 U.S.C. §2255 authorizes the Federal Rules of Civil Procedure to be applied to §2255 proceedings.

Federal Rules of Civil Procedure, Rule 15(a) gives Habeas Corpus Petitioners, like other civil complainants the right to amend the petition once without leave of the court "at any time before [the government files] a responsive pleading." See, e.g. WILLIS v. COLLINS, 989 F2d 187,189 (5th Cir 1993).

I.  PETITIONER WAS SENTENCED ABOVE THE STATUTORY MAXIMUM SENTENCE
    ALLOWED FOR THE CRIME OF CONSPIRACY UNDER §846.

CONTROLLING LEGAL STANDARD:
APPRENDI v. NEW JERSEY, 120 S. Ct. 2348

Petitioner Williamson asserts that his 5th,6th, and fourteenth Amendment rights, as guaranteed by the U.S Constitution have

-2-

CUtePDF - www.fastio.com

been violated based upon the fact that the government has only
proven[to the jury] guilt of this petitioner to an offense of
conspiracy to distribute marijuana without a finding of drug
quantity by the jury. Therefore, this petitioner's sentence
should not have exceeded the five year statutory maximum for
21 U.S.C. §841(b)(1)(D).

Petitioner Williamson brings this claim in light of the
Supreme Court holding in APPRENDI v. NEW JERSEY, 120 S. Ct.
2348 (June 26,2000). And subsequent holdings in light of APPRENDI.

Petitioner Williamson bring to this Court's attention the
fact that the aggravating factor that was considered by this
Honorable Court for finding a sentencing range was the 1,542
lbs of marijuana alleged in the Indictment. Yet it is clear
that the jury was not properly instucted to find guilt beyond
a reasonable doubt on that amount of marijuana. The jury was
merely instucted that any measurable amount of marijuana should
be considered in making a finding of guilt, thereby foreclosing
any meaningful deliberation on the issue of drug quantity.

Petitioner Williamson's constitutional right to have the
jury find him guilty of all elements of the crime charged has
been violated and his sentence is in excess of that allowed
under the statute.

In a recent holding by the U.S. Supreme Court APPRENDI
v NEW JERSEY, 120 S. CT. 2348 (2000) holds that "[o]ther than
the fact of a prior conviction, any fact that increases the
prescribed statutory maximum must be submitted to the jury and
proved beyond a reasonable doubt." I.d. at 262-63.

In UNITED STATES v. BEMAN, (10/6/00 No. 99-50380) the Fifth Circuit vacated and remanded BEMAN'S two life sentences in light of APPRENDI due to the indictment lacking the drug amount, and the failure to have had the jury determine beyond a reasonable doubt an important element of the crime charged, the drug amount to be used to sentence the defendant.

The Fifth Circuit stated that:

This case presents the questions recently left unanswered in UNITED STATES v. MESHACK, 2000 WL 1218437 (5th Cir 2000), whether drug quantities under §841(b) are sentencing factors or elements of the offense. We conclude that there is no reasonable construction of §841 that would allow us to avoid the broad constitutional rule of APPRENDI. Notwithstanding prior precedent of this circuit and the Supreme Court that congress did not intend drug quantity to be an element of the crime under 21 U.S.C. §§841&846, we are constrained by APPRENDI, to find in the opposite. In a departure from its previous analysis, the APPRENDI court, quoting JONES, 526 U.S. at 252-53 (Steven J. concurring), held that it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." APPRENDI, 120 S.? Ct 2363.

The drug quantity determination id critical to the statutory sentencing provisions in 21 U.S.C. §841. Section 841 consists of two relevant subsections. SEction 841(a) makes it unlawful for any person to manufacture or distribute a controlled substance. Section 841(b) defines the applicable penalties for violations of 841(a) based on the type and quantity of drug.  The structure of 841 is similar to that described by Justice Thomas in his concurrence in APPRENDI, "if the legislature defines some core crime and then provides for increasing the punishment for that crime upon a finding of some aggravating fact-of wahtever sort- the core crime and the aggravating fact together constitute an aggravated

-4-

CHAPDF - www.texisx.com

crime, just as much as grand larceny is an aggravated
form of petit larceny. The aggravating fact is an element
of the aggravated crime." APPRENDI, 120 S. CT. 2363.

Section 841 clearly calls for a factual determination
reguarding the quantity of he controlled substance, and
that factual determinaton significantly increases the
maximum penalty from 20 years under 841(b)(1)(C) to life
imprisonment under §841(b)(1)(A). Therfore, we hold that
if the government seeks enhanced penalties based on the
amount of drugs under 21 U.S.C. :841(b)(1)(A) or (B), the
quantity must be stated in the indictment and submitted
to a jury for a finding of proof beyond a reasonable doubt
To the extent hat our prior precedent is inconsistent with
this holding in APPRENDI, it is overruled. Id. UNITED STATES
v BEMAN, (5th Cir 10/6/00).

As had been the paractice in the Fifth Circuit, no specified
amounts of drugs were charged in the indictment or submitted
to the jury in BEMAN. Following the jury's guilty verdict, the
judge determined, by a preponderance of the evidence, the quantity
of drugs attributable to each defendant.

As in BEMAN'S case, petitioner Williamson also received
a  sentence above his statutory maximum for the crime he was
convicted of by the jury and his sentence is in violation of
his constitutional rights due to the jury not having made a finding,
beyond a reasonable doubt,as to the amount of marijuana attributable
to Williamson. the jury was just instructed that the government
need not prove quantities as alleged in the indictment, but rather
that "any measurable amount" could be considered in making a
determination of guilt. That jury instuction reasonably foreclosed
any meaningful deliberation by the jury on the amount of drugs
for which he was convicted, thereby allowing the government to

-5-

obtain a conviction in violation of the constitutional guarantees
of Due Process of Law that is afforded to all criminal defendants
in criminal prosecutions.

Petitioner Williamson has been convicted in violation of
the law and it is this petitioner's assertion that he has been
sentenced above the statutory maximum for the crime that the
jury found him guilty of.

In APPRENDI v NEW JERSEY, 120 S.Ct. 2348, the defendant
plead guilty to a charge of second degree possession of a firearm
for an unlawful purpose. Id. This charge usually carried a penalty
range of five to ten years imprisonment, but the defendant was
eligible for sentence enhancement on the basis of New Jersey's
"hate crime" law.

the trial judge at sentencing found, by a preponderance
of the evidence, that the defendant had violated  the hate crime
law and sentenced him to twelve years.  On appeal, the Supreme
Court addressed the question "whether the Due Process Clause
of the Fourteenth Amendment requires that a factual determination
authorizing an increase in the maximum prison sentence for an
offense from 10 to 20 years be made by a jury on the basis of
proof beyond a reasonable doubt."Id.  The Court answered this
question affirmatively, and reversed he defendant's conviction.
The APPRENDI, Court held:

> In sum, our examination of our cases in this area, and of
> the history upon which they rely, confirms the opinion that
> we expressed in JONES.  Other than the fact of a prior conviction
> [as in ARMENDAREZ-TORRES], any fact that increases the penalty
> for a crime beyond that prescribed statutory maximum must
> be submitted to a jury, and proved beyond a reasonable doubt.
> With that exception, we endorse the statement of the rule

CutePDF - www.fasina.com

set forth in the concurring opinions in that case." It is
unconstitutional for a legislature to remove from the jury
the assessment of facts that increase the prescribed range
of penalties to which a criminal defendant is exposed.
It is equally clear that such facts must be established
by proof beyond a reasonable doubt." 526 U.S. at 252-53,
119 S.Ct. 1215 (opinion of J Stevens); see also, I.d, at
253,119 S.Ct. 1215 (opinion of Justice Scalia)

The situations in Williamson's case, Williamson's sentence
under §§841 & 846 are unconstitutional, thus violative of this
petitioner's right to Due Process of Law. In sum, the petitioner
would submit that the APPRENDI holding required elements for
demonstrating violations of §841(a)(1) and 846; drug type and
amount have never been presented to the jury for a finding of
guilt beyond a reasonable doubt, nor proven at trial.

The instant sentence must be set aside in light of APPRENDI,
and this petitioner's sentence should be corrected to reflect
the maximum statutory sentence under §841(b)(1)(D) which is five
years.

It is this petitioner's position that the congressional
intent in drafting §841(A)(1) is clear and congress did not have
the authority to remove those required elements (drug amount)
from the government's burden of proof and allow them to be factors,
demonstated only by a preponderance of the evidence at sentencing.
SInce the required elements have not been proven the sentence
imposed is in violation of the constitutional guarantees of a
fair judicial proceeding.

-7-

## II.   IS AMENDMENT OF THIS PETITIONER'S §2255 MOTION PROPER?

This petitioner asserts that this amendment to his §2255
motion is proper where he failed to raise these issues on direct
appeal after resentencing due to the fact that he was never informed
of his right to a direct appeal of the sentence in this case.
Petitioner Williamson was resentenced through the mail from judgement
of this court handed down on August 31,1999, and this court failed
to inform this petitioner of his right to appeal the judgement.

Furthermore, the Supreme Court had not Ruled on APPRENDI
until June 26,2000, therefore the new Rule was not available
at the time this petitioner was resentenced, therefore the procedural
default.

In making a showing of substantial prejudice, this petitioner
asserts that he has suffered extreme prejudice by having been
sentenced to six times the statutory maximum sentence, which
was later reversed [on other grounds] and vacated for resentencing
at which time this petitioner was resentenced to three times
the maximum statutory maximum for the crime he was convicted
of. Thereby, showing substantial prejudice, this petitioner has
been incarcerated for eight years which calls for immediate action
in light of him having served three years in excess of his statutory
maximum sentence of five years under §841(b)(1)(D).

In the context of APPRENDI being retroactive for cases on
collateral review, this petitioner relies on UNITED STATES v
MURPHY, 109 F. Supp 1059 (D. Minn 2000) which held:

> The applicability of APPRENDI to drug cases raises the question
> of whether this court must retroactively apply the new rule

-8-

to this defendant's case. In general, new constitutional
rules of criminal procedure apply retroactively only to
cases which are on direct state or federal appeal at the
time the rule is announced. See GRIFFITH v KENTUCKY, 479
U.S. 314, 107 S.Ct. 708, 93 L.Ed 2d 649 (1987).  A new
rule is not to be applied retroactively on collateral review
unless the rule fall within one of two narrow exceptions:
(1) the new rule places certain kinds of primary conduct
beyond the power of the criminal lawmaking authority to
proscribe, or (2) the rule requires the observance of "those
procedures that... are 'implicit in the concept of ordered
liberty.'" TEAGUE v. LANE, 489 U.S. 288, 305-310, 109 S.Ct.
1060, 103 L. Ed 2d 334 (1989)(citations omitted). Retroactivity
under TEAGUE is a "threshold matter" which must be addressed
"before considering the merits of the claim." CASPARI v.
BOHLEN, 510 U.S. 383,389, 114 S.CT. 948, 127 L.Ed2d 236
(1994).

The first exception to the general rule prohibiting
retroactivity applies only to rules that decriminalize a
class of conduct or prohibit a certain category of punishment
for a class of defendants because of their status or offense.
See SAFFLE v. PARKS, 494 U.S. 484,495.  The exception is
inapplicable here. However the APPRENDI decision does implicate
the second exception, which applies to those "watershed
rules of criminal procedure" which "alter our understanding
of a proceeding" and without hte likeihood of an accurate
conviction is seriously diminished." SAWYER v SMITH, 497
U.S. 227, 242-44, 110 S.Ct. 2822, 11 L.Ed 2d 193 (1990)(quoting
TEAGUE);See also BOUSLEY v. UNITED STATES, 523 U.S. 614,620,
118 S.Ct. 1604, 140 L.Ed 2d 828 (1998)("The TEAGUE doctrine
is founded on the notion that one of theprincipal functions
of habeas corpus [is] "to assure that no man has been incarcerated
under a procedure which creates an impermissibly large risk
that the innocent will be convicted."'"(citations ommitted)

In APPRENDI the Supreme Court observed:

At stake in this case are constitutional protections of surprising importance: the proscription of any deprivation of libery without "due process of law," ...and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury,"... Taken together, these rights indesputably entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. UNITED STATES v GAUDIN, 515 U.S. 506,510, 115 S.Ct. 2310, 132 L.Ed 2d 444 (1995); see also, SULLIVAN v. LOUISIANA, 508 U.S. 275,278, 113 S.Ct. 2078, 124 L.Ed 2d 182 (1993); WINSHIP, 397 U.S. at 364, 90 S.Ct. 1068, 25 L.Ed 2d 368 ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged") 120 S.Ct. at 2355 Id.

The Court ultimately concluded in APPRENDI that the constitution requires a jury finding on any fact which increases the statutory maximum penalty. This conclusion compels a radical shift in criminal procedure in federal drug cases. This court has presided over countless trials and sentencings in which the court has served as the ultimate decision maker as to the quantity of drugs. Indeed, the jury is often specifically instructed that it is not necessary for the government to prove the exact or precise amount of drugs as alleged in the indictment. As such, a jury finding as to quantity is rare. Cf. UNITED STATES v SHEPPARD, 219 F3d 766,768 (8th Cir 2000)(Upholding a defendant's sentence in a post-Apprendi appeal where the jury made a special finding of drug type and quantity).

After APPRENDI, to the extent that the government seeks to subject a drug offender to the higher penalties under 841(b)(1)(A) or (b)(1)(B), it must submit drug type and quantity to the jury, and the jury must find those facts beyond reasonable doubt. The implications of the new rule

-10-

are significant in drug conspiracy cases. As the Court
itself noted in APPRENDI, "There is a vast difference between
...a judgement of conviction entered in a proceeding in
which the defendant had the right to a jury trial and the
right to require the prosecutor to prove guilt beyond a
reasonable doubt, and allowing the judge to find the required
fact under a lesser standard of proof." 120 S. Ct. at 2366,
see also In re WINSHIP, 397 U.S. 358,363 (1970) (quoting
COFFIN v. UNITED STATES, 156 U.S. 432, 453 (1895) ("The
reasonable doubt standard plays a vital in the American
scheme of criminal procedure. it is a prime instrument for
reducing the risk of convictions resting on factual error.
The standard provides concrete substance for the presumption
of innocence--that bedrock 'axiomatic and elementary' principle
whose 'enforcement lies at the foundation of the administration
of our criminal law.'")

There can be no doubt that hte sweeping new requirements
announced by the court in APPRENDI is so grounded in fundamental
fairness that it may be considered of watershed importance.
Accordingly, the Court concludes that the APPRENDI decision
falls under the second exception to the TEAGUE nonretroactivity
principle and must be applied to this §2255 motion.

Applying the new rule to the defendant's case the court
further concludes that the defendant's sentence violates
the APPRENDI requirement.  The court has carefully reviewed
the jury instructions in this case and observes that the
jury jury was specifically instructed that "It is not necessary
for the government to prove the exact or precise amount
of cocaine base alleged in the indictment."[Doc. no. 494,
p. 36] The court believes this initial instruction that
the government need not prove quantity effectively foreclosed
any meaningful deliberation on the issue of drug quantity.

It is true that the jury was also given an instruction
regarding the elements of a conspiracy beyond a reasonable
doubt. However in the latter part of the  instruction, where

-11-

the court set forth the elements of the distribution and possession charges underlying the conspiracy, there was no mention what so ever of quantity.

Viewing the instructions as a whole, the court concludes that the issue of quantity was not subject to a reasonable doubt determination by the jury in the defendant's case. Therefore, imposing a sentence under the harsher provisions of §841(b)(1)(A) was unlawful and defendant's motion as to this claim must be granted. ID. UNITED STATES v MURPHY, 109 F. Supp 2d 1063-65 (D. MInn 2000).

This petitioner asserts that his case meets the same requirement as MURPHY, and therefore must be considered on collateral review in light of the above cited U.S. Supreme Court caselaw.

## CONCLUSION

This petitioner submits that he has established a claim which calls for review by this court, and respectfully requests that the claim be examined, and considered on the merits.

Wherefore premises considered this petitioner respectfully requests resentencing to the maximum applicable sentence of five years which is the statutory maximum sentence for a conviction under 841(b)(1)(D).

Respectfully Submitted,

*Terry D. Williamson*

Terry Dewayne Williamson
propia persona rep.
U.S.M No. 39570-079
Austin Unit
Post Office Box 15330
Fort Worth, Texas 76119

-12-

## CERTIFICATE OF SERVICE

I Terry Dewayne Williamson, Hereby certify, under penalty
of perjury, that a true and correct copy of this foregoing legal
instrument has been sent to the following:

Mark Patterson
A.U.S.A.
1036 E. Levee
Brownsville, Texas 78520

...by placing the same in a prepaid, sealed envelope and depositing
it in this institution's "legal mail" mailbox for forwarding
to the above named individual.

_1-16-01_
DATE

_Terry D Williamson_
Terry Dewayne Williamson

-13-