19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE TEXAS

United States District Court
Southern District of Texas
FILED

MAR 19 2001

Michael N. Milby
Clerk of Court

TERRY DEWAYNE WILLIAMSON, §
PLAINTIFF-PETITIONER, §
§
§
§
versus, § CIVIL NO. B-97-016
§ CRIMINAL NO. B-93-132-4
§
UNITED STATES OF AMERICA, §
RESPONDENT. §

PETITIONER'S TRAVERSE BRIEF TO GOVERNMENT'S RESPONSE
BRIEF TO PETITIONER'S §2255 MOTION

NOW INTO COURT comes Terry Dewayne Williamson, appearing through propia persona representation, and respectfully moves this Honorable Court to grant relief, as requested in this petitioner's §2255 Motion, of reduction of sentence to the low end of the guideline range of 140 months from 175 months imposed, and/or remand for resentencing to allow for allocution under Rule 32(a)(1)(C), and appointment of counsel for resentencing.

Jurisdiction

This Honorable Court has jurisdiction to grant the relief requested pursuant to Title 28 U.S.C. §2255.

ARGUMENT

The Government has filed a motion to dismiss this petitioner's MOTION TO AMEND his §2255, which brings forth the issue of APPRENDI violations.

The government contends that the APPRENDI claim makes his "AMENDMENT" to his §2255 "successive" due to the law not being clearly established at the District Court level at this point.

-1-

The government cited several cases from other Circuits to support their claims, some of which states:

> ... a subsequent 2255 will be reguarded as a "<u>first</u>" <u>petition only to the extent that it seeks to vacate the new, amended component of the sentence</u>, and will be reguarded as a "second" petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.
> <u>GALTEIERI v. UNITED STATES</u>, 128 F3d 33-38 2d Cir 1997)(emphasis added); see also <u>PRATT v. UNITED STATES</u>, 129 F3d 54,62 (1st Cir 1997)("if the relief granted in response to an initial habeas petition addresses only the petitioner's sentence, hecustomarily cannot re-petition after resentencing on alleged errors affecting the underlying conviction").

It is clear that <u>APPRENDI</u> is a case which makes the government respond in an a matter which show desperation, therefor this petitioner will respectfully request for this "amendment" to his §2255 be dismissed without prejudice to spare this Honorable Court judicial resources which will better be utilized in the review of this petitioner's subsequent §2255, which meets the government's criteria for a "first" petition as explained above, in which this petitioner respectfully requests relief in the setting aside of his sentence, which was imposed on August 31,1999, and remanding this petitioner to the District Court for the purpose of resentencing and allowing for his excercise of his right to allocution, under Rule 32(a)(1)(C) and the right to have counsel appointed for the purpose of sentencing, as guaranteed by the Sixth Amendment to the Constitution. Or, in the alternative, resentencing through the mail to the low end of the guideline range which is 140 months from 175 months.

It is clear, by the government's response, that they have not argued against this petitioner's request for relief as requested in this petitioner's main brief. The government has not cited any caselaw to argue the relief requested, and by doing so, it appears to this petitioner that the government agrees with this petitioner on the initial claims.

The claims brought in this petitioner's §2255 (Filed 8/31/00) are claims seeking to vacate the new amended component of the sentence. These claims could not have been brought on his §2255 filed on January 29,1997 because the errors had not yet occurred. All the errors brought in this petitioner's new §2255, with the exception of the "amendment" to the petition (which should be moot at this time), challenge the new sentence and the way in which it was imposed therby, satisfying the government's criteria for a subsequent §2255 being reguarded as a "first" petition.[1]

The government has failed to challenge this petitioner's assertions in his §2255 on the District Court's violation of Rule 32(a)(1)(C), of denying this petitioner the right to allocution in his resentencing hearing, on the District Court's violation of this petitioner's Sixth Amendment right to counsel at sentencing, and on the retaliatory nature of the sentence imposed at resentencing, apparently due to this petitioner's victory on appeal of an illegal sentence by that Court.

It is this petitioner's belief that this Honorable Court

---

1/ See Government's Motion to Dismiss/Answer at 5.

has been granted authority to correct this miscarriage of justice and has the conscience to do what is right in this case, which has come a long way fighting the injustices by way of propia persona.

CONCLUSION/PRAYER

    This petitioner prays that this Honorable Court grant the requested relief as expressed in this petitioner's §2255 Motion to Vacate, Set Aside, or Correct Sentence (File 8/31/00).

Respectfully Submitted,

3-13-01
DATE

Terry Dewayne Williamson
U.S.M. No. 39570-079
Austin Unit
Post Office Box 15330
Fort Worth, Texas 76119

CERTIFICATE OF SERVICE

    I, Terry Williamson, hereby certify, under penalty of perjury, that a true and correct copy of this foregoing legal instrument has been sent to the following:

Kathlyn G. Snyder
Assistant U.S. Attny.
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129

.....by placing the same in a prepaid, sealed envelope and depositing it in this institution's "legal mail" mailbox for forwarding to the above named individual.

3-13-01
DATE

Terry Dewayne Williamson