23

United States District Court
Southern District of Texas
FILED

JUN 1 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

TERRY DEWAYNE WILLIAMSON,      §
PETITIONER,                    §
                               §
                               §
                               §
versus,                        §      CIVIL ACTION B-97-016
                               §
                               §
                               §
UNITED STATES OF AMERICA,      §
RESPONDENT.                    §

MOTION FOR REVIEW OF RECORD ON APPEAL IN THIS COURT

Now into this Court comes Terry Dewayne Williamson and moves this Honorable Court for review of the record on appeal in this case.

This petitioner asserts that there has been a grave error in this petitioner's case and the process that this Honorable Court has used to deny relief. In support of this motion this petitioner states the following:

I

On January 29,1997, petitioner Williamson filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255.(Docket 1-1)

II

On August 31,1999, petitioner Williamson was resentenced via mail and the case was closed on October 19,1999.(Docket 13-1).

III

On August 31,2000, a brief pursuant to Title 28 U.S.C. §2255 was filed by this petitioner challenging the sentence imposed

-1-

at resentencing on August 31,1999, due to the sentence imposed
having been imposed in violation of Williamson's constitutional
rights.(Docket 14-1)(See Exhibit "A"of the Attachments)

IV

On January 22,2001, petitioner Williamson filed a Motion
to Amend Motion to Vacate under 28 U.S.C. §2255.(15-1)(See
Exhibit "B" of attachments.)

V

On January 25,2001, this Honorable Court granted In Forma
Pauperis status to petitioner Williamson.(Docket 16-1)

VI

On March 8,2001, the United States of America filed a Motion
to Dismiss Motion to Vacate Under §2255 and Answer.(Docket 18-1)

VII

On March 19,2001, petitioner Williamson filed a traverse
brief response brief to the government's motion. (Docket 19-1)

VIII

On May 11,2001, the District Court granted [18-1[ motion
to dismiss(mooting [17-1] motion for appointment of counsel
Denying [15-1] motion to amend [1-1] motion to vacate under
28 U.S.C. 2255.

IX

On May 29,2001, Williamson filed a notice of appeal.

The reason the review is extremely necessary is due to this
Honorable Court's erroneous belief that Williamson filed a Motion
to Amend §2255[15-1] amending [1-1] §2255 filed 1-29-97. When
the reality is that on August 31,2000 Williamson filed a §2255
challenging the new components of the sentence imposed on

-2-

August 31,1999 at resentencing via mail.

This Honorable Court has overlooked Docket 14-1, which is the new §2255 motion filed by Williamson; thereby, failing to order the government to respond to the merits of the arguments brought forth within that brief, and completely ignoring the fact that those issues need to be resolved, as this §2255 was brought in a timely manner and the arguments brought within bring to light denials and violations of Mr. Williamson's constitutional rights.

It is clear by the docket and the complete omission of the arguments brought in Williamsons §2255 [14-1] that there has been a grave error which makes the proceedings undergone unfair and calls into question the integrity of the outcome.

It is Mr. Williamson's contention that to correct the error this Honorable Court must review the record in this case including this petitioner's §2255 filed on August 31,2000. Mr. Williamson made mention several times of this Motion [14-1] in his traverse brief and the only possible way this motion was overlooked is that this Honorable Court has failed to review the briefs filed by this petitioner.

Wherefore premises considered, this petitioner prays this Honorable Court will properly review the briefs filed in this case and give consideration to the same.

Respectfully Submitted,

_Terry Williamson_

Terry Williamson
U.S.M. No. 39570-079
Austin Unit
Post Office Box 15330
Fort Worth, Texas 76119

-3-

## CERTIFICATE OF SERVICE

I, Terry Williamson hereby certify that a true and correct copy of this foregoing legal instrument has been sent to the following:

Kathlyn G. Snyder, esq
Office of U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129

...by placing the same in a prepaid sealed envelope and depositing it in this institution's legal mail mailbox for forwarding to the above named individual. This statement is made under penalty of perjury.

6-6-01
DATE

TERRY WILLIAMSON
Terry Williamson

-4-



IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 31 2000**

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA,
APPELLEE,

versus

TERRY DEWAYNE WILLIAMSON,
APPELLANT.

NO. 98-40922
U.S.D.C. NO. B-97-CV-16
93-CR-132-4

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO TITLE 21 UNITED STATES CODE, SECTION 2255

HONORABLE FILEMON B. VELA
UNITED STATES DISTRICT JUDGE

APPELLANT BRIEF

FOR THE GOVERNMENT:

JAMES DeATLEY
UNITED STATES ATTORNEY
910 TRAVIS, SUITE 1500
HOUSTON, TEXAS 77208

FOR THE APPELLANT:

TERRY DEWAYNE WILLIAMSON
PROPIA PERSONA REPRESENTATION
POST OFFICE BOX 15330
FORT WORTH, TEXAS 76119

# APPLICATION TO PROCEED ON

## MOTION UNDER 28 U.S.C. §2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

### UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

TERRY DEWAYNE WILLIAMSON
PROPIA PERSONA APPELLANT
U.S.M. NO. 39570-079

CASE NO.(S) 98-40922
U.S.D.C. NO. B-97-CV-16
93-CR-132-4

UNITED STATES OF AMERICA        V.        TERRY DEWAYNE WILLIAMSON

---

## MOTION

1. NAME AND LOCATION OF COURT WHICH ENTERED THE JUDGEMENT OF CONVICTION UNDER ATTACK: UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION.

2. DATE OF JUDGEMENT OF CONVICTION: FEBRUARY 22,1994, REMAND RESENTENCED AUGUST 31,1999.

3. NATURE OF OFFENSE INVOLVED: CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE APPROXIMATELY 1,542 POUNDS OF MARIHUANA IN VIOLATION OF 21 U.S.C. §846.

4. WHAT WAS YOUR PLEA?  NOT GUILTY

5. KIND OF TRIAL:  JURY TRIAL

6. DID YOU TESTIFY AT TRIAL?

7. DID YOU APPEAL FROM THE JUDGEMENT OF CONVICTION? YES

8. IF YOU DID APPEAL ANSWER THE FOLLOWING:

   (A) NAME OF COURT: UNITED STATES COURT OF APPEALS FIFTH CIRCUIT

   (B) RESULT: CONVICTION AND SENTENCED AFFIRMED ON AUGUST 7,1997.

9. OTHER THAN A DIRECT APPEAL FROM THE JUDGEMENT OF CONVICTION AND SENTENCE,HAVE YOU PREVIOUSLY FILED ANY PETITIONS, APPLICATIONS

-1-

OR MOTIONS WITH RESPECT TO THIS JUDGEMENT IN ANY FEDERAL COURT?
YES

10. IF YOUR ANSWER WAS YES, GIVE THE FOLLOWING INFORMATION:

(A)(1) NAME OF THE COURT: UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION.

(2) NATURE OF PROCEEDING: MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255.

(3) GROUNDS RAISED: INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL, TRIAL AND SENTENCING; MISAPPLICATION OF THE CAREER OFFENDER ENHANCE MENT UNDER §4B1.1 OF THE USSG.

(4) DID YOU RECEIVE AN EVIDENTIARY HEARING ON YOUR PETITION?
NO

(5) RESULT: MOTION WAS DISMISSED BY DISTRICT COURT

(6) DATE OF RESULT: JUNE 19,1998

(B) AS TO ANY SECOND PETITION, APPLICATION OR MOTION GIVE THE SAME INFORMATION:

(1) NAME OF COURT: UNITED STATES APPEALS COURT FOR THE FIFTH CIRCUIT.

(2) NATURE OF PROCEEDING: MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255. APPEALING JUDGEMENT BY DISTRICT COURT.

(3) GROUNDS RAISED: MISAPLICATION OF THE CAREER OFFENDER ENHANCEMENT UNDER §4B1.1 OF THE USSG.

(4) DID YOU RECEIVE AN EVIDENTIARY HEARING? NO.

(5) RESULT: SENTENCE VACATED AND REMANDED.

(6) DATE OF RESULT:AUGUST 17,1999.

-2-

GROUNDS BEING RAISED ON APPEAL: SEE ATTACHED BRIEF.

IF ANY OF THE GROUNDS LISTED WERE NOT PREVIOUSLY PRESENTED, STATE BRIEFLY WHAT GROUNDS WERE NOT SO PRESENTED, AND GIVE YOUR REASON FOR NOT PRESENTING THEM: ALL THE GROUNDS WERE NOT PRESENTED BECAUSE THE ERRORS WERE COMMITTED ON REMAND BY THE APPELLATE COURT AT RESENTENCING.

WHEREFORE MOVANT PRAYS THAT THE COURT GRANT HIM ALL RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

TERRY    DEWAYNE    WILLIAMSON
PRO PIA   PERSONA    APPELLANT

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TERRY DEWAYNE WILLIAMSON,<br>APPELLANT,<br><br><br>VERSUS,<br><br><br>UNITED STATES OF AMERICA,<br>APPELLEE. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. (TO BE ISSUED)<br>NO. 98-40922<br>U.S.D.C. NO. B-97-CV-16<br>93-CR-132-4 |

BRIEF IN SUPPORT OF MOTION UNDER TITLE 28 UNITED
STATES CODE, SECTION 2255, MOTION TO VACATE, SET ASIDE,
OR CORRECT SENTENCE.

HONORABLE FLIEMON B. VELA:

NOW INTO COURT comes **Terry Dewayne Williamson**, appearing through propia persona representation, and respectfully moves this Honorable Court, pursuant to **Title 28 U.S.C., §2255**, to Vacate, Set Aside, or Correct Sentence, which was imposed by this Honorable Court on August 31,1999.

In support of this motion appellant Williamson respectfully submits the following:

## JURISDICTION

Pursuant to Title 28 U.S.C., Section 2255, (a) prisoner in custody under sentence of a Court established by act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

-1-

collateral attack, may move the Court which imposed the sentence to vacate, set aside, or correct sentence.

Appellant Williamson respectfully submits this Motion pursuant to **Title 28 U.S.C., §2255**, to resolve significant issues.

This motion pursuant to **Title 28 U.S.C., §2255, presents** several substantial Constitutional claims of error, to which the "Ends of Justice" requires this Honorable Court to reach the merits of this appellant's claims.

Upon remand from the Judgement in Case No. 98-40922, the District Court failed to bring this appellant to the District Court for the purpose of resentencing.

The District Court's failure to produce this appellant in District Court for resentencing is in violation of Federal Rules of Criminal Procedure 32(a)(1)(C) by denying this appellant his right to allocution under the Rule.

The District Court failed to appoint counsel for the purpose of assisting this appellant at resentencing, this action is in direct violation of this appellant's Sixth Amendment right to assistance of counsel.

The District Court's imposition of a sentence at the top of the guideline range, as opposed to the sentencing scheme that was employed upon all the defendant's in this case to sentence everyone to the "lowest possible sentence allowed by law", shows Judicial vindictiveness in violation of the Due Process of Law.

These are this appellant's constitutional claims upon which relief is requested by this motion.

§

## STATEMENT OF THE CASE

Terry Williamson was charged by criminal indictment in the United States District Court for the Southern District of Texas, Brownsville Division with conspiracy to possess approximately 1,542 pounds of marihuana with intent to distribute in violation of 21 U.S.C. §846. After a jury trial Appellant was convicted on one Count and sentenced to a term of thirty years, a five year term of supervised release and a special assessment of $50.00.

Timely appeal was taken to the Fifth Circuit which affirmed the conviction and sentence in an unpublished opinion filed on August 7,1995. On January 29,1997 Williamson filed a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 raising six grounds of error. On February 21,1997 the District Court ordered the government to file a response to the petition by April 7,1997. On May 28,1997, the government filed its response and appellant filed a timely traverse. On June 19,1998 the District Court issued an order dismissing Appellant's §2255 motion. thereafter Williamson filed a notice of appeal and motion for a certificate of appealability to issue. On August 3,1998 Appellant paid the docketing fees of $105.00. On August 17,1998 the District Court issued an order indicating that Appellant had made a substantial showing of a denial of a constitutional right. On august 25,1998 this case was docketed under CA. No. 98-40922 and set a briefing schedule whereas appellant's brief was due by august 25,1998.

On August 17,1999, the United States Appeals Court for the

CMPDF - www.fexta.com

Fifth Circuit Vacated this appellants sentence and remanded the case for resentencing without the career offender enhancement, to the then applicable guideline range. On remand the District Court resentenced this appellant to the highest point in the guideline range of 175 months, a sentence that was imposed and served through the mail to this appellant. Appellant now files this opening brief in a timely fashion.

### STATEMENT OF THE FACTS

On November 3,1993 Williamson was charged with one Count of conspiring to possess with intent to distribute approximately 1,542 pounds of marihuana. He plead not guilty and proceeded to trial claiming he never possessed any marihuana. The jury returned a verdict of guilty and Williamson was sentenced on February 22,1994 to serve 360 months in prison. At sentencing the District Court allowed the conspiracy conviction to serve as the triggering offense of the carreer offender §4B1.1 of the USSG.

On January 29,1997 Williamson filed his 28 U.S.C. §2255 claiming six grounds of error among which was inextricably entertwined with the claim of ineffective assistance of counsel at trial, sentencing and on direct appeal. The District Court initially denied relief by order dismissing the motion, however upon a motion of certificate of appealability the district Court indicated that the sentencing as a career offender was cognizable and granted relief.

The Fifth Circuit Court of Appeals granted relief and ordered the sentence be Vacated and the case remanded for resentencing under the then applicable sentencing guidelines

-4-

without the career offender enhancement. On remand the district Court sentenced this appellant to 175 months incarceration which is the top of the guideline range. Other relevant facts will be set forth in this brief.

## ISSUES PRESENTED FOR REVIEW

### GROUND ONE

WHETHER THE DISTRICT COURT VIOLATED FEDERAL RULES OF CRIMINAL PROCEDURE RULE 32(a)(1)(C), BY DENYING THIS APPELLANT THE RIGHT TO ALLOCUTION AT HIS RESENTENCING HEARING?

### GROUND TWO

WHETHER THE DISTRICT COURT FAILED TO APPOINT COUNSEL AT RESENTENCING IN DIRECT VIOLATION OF THIS APPELLANT'S SIXTH AMENDMENT CONSTITUTIONAL RIGHT TO COUNSEL?

### GROUND THREE

WHETHER THE DISTRICT COURT'S IMPOSITION OF AN ENHANCED SENTENCE, ON REMAND, IS EVIDENCE OF RETALIATION (VINDICTIVENESS),AT RESENTENCING, FOR THIS APPELLANT HAVING SUCCEEDED IN HAVING HIS SENTENCE VACATED AND REMANDED BY THE FIFTH CIRCUIT COURT OF APPEALS?

§

I.  THE DISTRICT COURT VIOLATED FED. R. OF CRIM. P. RULE
    32(a)(1)(C) BY DENYING THIS APPELLANT HIS RIGHT TO
    ALLOCUTION.

Controlling legal standard:

Federal Rules of Criminal Procedure Rule 32(a)(1(C).

Argument;

The District Court violated Fed. R. of Crim P. Rule
32(a)(1)(C) by failing to bring this appellant back to District
Court, for the purpose of resentencing, and allow this appellant
to allocute himself.

On remand from the order handed down by the Fifth Circuit
Court of Appeals, this appellant's sentence was vacated with
instruction to resentence under the then applicable guidelines,
without the carreer offender enhancement. (5th Cir. Court of
Appeals' Order, at 5.)

Appellant Williamson's sentencing range reflected 140 to
175 months without the carreer offender enhancement. The
District Court resentenced this appellant to the highest
possible sentence, which was 175 months.

The District Court failed to allow this appellant the
opportunity to exercise his right to allocution by failing to
bring this appellant back to the District Court.

The right of allocution allows a defendant to personally
address the Court before sentencing in an attempt to mitigate
punishment. With historical roots in the common law, the
opportunity to plead for mercy is another provision in a
procedural body of law designed to enable our system of justice
to mete out punishment in the most equitable fashion possible,

to help ensure that sentencing particularized and reflects individual circumstances. The right emerged at a time when many crimes were punishable by death and when defendants had no access to counsel or even the ability to testify in their own behalf. 3 **Wayne R. LaFave & Jerold H. Israel, Criminal Procedure §25.1(f) (1984); 4 Blackstone's Commentaries 375 (1854). As early as 1689, the common law acknowledged that a court's failure to invite the defendant to speak before sentencing required reversal. See Anonymous, 3 Mod. 265, 266, 87 Eng.Rep. 175 (K.B. 1689).** Aside from its practical role in sentencing, the right has value in terms of "maximizing the perceived equity of the process." 3 ABA Standards for Criminal Justice 18-459 (2d ed. 1980).

In **Green v. United States, 365 U.S. 301, 81 S. Ct. 653, 5 L.Ed2d 670 (1961),** the Supreme Court clarified the countours of the right to allocution. The Court rejected the view that providing defense counsel the chance to speak prior to sentencing satisfied the purpose behind Rule 32, holding that defendants must be afforded the opportunity to personally address the Court. Id at 304, **81 S. Ct. at 655.B "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." Id. The Green holding was later codified in the Federal Rule of Criminal Procedure 32, Notes of Advisory Committee on Rules.** Rule 32(a)(1)(C) now requires the trial Judge to personally address the defendant, before imposing sentence, to determine if the defendant wishes to make a statement.

-7-

Under Rule 32(a)(1)(C), a defendant is entitled to adress the Court only before an original or new sentence is imposed. In **United States v. Barnes, 948 F2d 325, the Court expresses its views by stating,** "While it is true our primary concern in remanding this case was to insure improper hearsay statements did not taint the earlier proceeding, the effect of the order to **vacate** was to nullify Barnes' sentence. Accordingly, when Barnes appeared before the trial Judge on remand, he did so with a clean slate as far as sentencing was concerned; his previous sentence was not to be rubber stamped, but instead a new sentencing determination was to be made. Along with a new sentencing determination came the **right** to address the Court." Id. at 330.

"Since the prior sentence was being vacated by this Court, Barnes was being sentenced anew. Consequently, his right to personally address the sentencing judge was resuscitated at the final hearing regardless of whether he had previously exercised it. Cf. **United States v. Buckley, 847 F2d 991, 1002 (1st Cir. 1988)**(right must be afforded at final sentencing even if earlier provided when defendant provisionally sentenced).

By sentencing Mr. Williamson by mail and not remanding him to the District Court to be present at his resentencing has put this appellant in a very awkward situation where Williamson would have to have addressed the Court after sentencing, to say in effect, "now that you have imposed sentence, let me share some mitigating circumstances you may wish to consider in meting out my punishment." Generally, to address the Court after

-8-

sentencing does not serve the purpose underlying the Rule. See **Coleman v. Risley, 839 F2d 434 (9th Cir. 1988)**

However, a trial Judge, realizing after sentencing that the right of allocution has been neglected, may rectify the situation by, in effect, setting aside the sentence, reopening the proceeding, and inviting the defendant to speak. See **Gordon v. United States, 438 F2 858 (5th Cir. 1971); Sandroff v. United States, 174 F2d 1014,1020 (6th Cir 1949); Hardy v. United States, 159 F. Supp. 208 (S.D.N.Y. 1957) 252 F2d 780 (2d Cir),** cert den. 356 U.S. 944, 78 S.Ct. 791, 2 L. Ed 2d 819 (1958) Under this approach the trial court must genuinely reconsider the sentencing in light of the elicited statement. see **United States v. Peleaz 930 F2d 520 (6th Cir. 1991)B(remanding case in which defendant granted opportunity to speak after sentence determination.) United States v. Bryers, 290 F2d 515 (6th Cir 1961).**

The right to allocution in this instance is particularly important because the understandable potential for an inherent and troublesome momentum in resentencing makes it especially inviting for trial judges to engage in overly swift sentencing determinations.

In an age of staggering crime rates and an overburdened justice system, courts must continue to be cautious to avoid the appearance of dispensing **assembly-line justice.**

.    In **United states v. Carper 24 F3d 1157 (9th Cir 1994)** the Court held "that when a District court imposes a sentence that is already as short as it could possibly be under the Guidelines, its error in offering the defendant the right to speak before sentencing may be harmless." United States v. medrano, 5 F3d 1214, 1219 (9th Cir. 1993)

However, when the District Court has discretion to impose a sentence shorter than the one it selected, the denial of the defendant's right to allocution is not harmless error. Id.

In sum, this appellant has been denied his right to allocution and the error cannot be said to be harmless due to the District Court's imposition of the highest possible sentence under the Guidelines. This appellant respectfully requests for his sentence to be set aside and be remanded to allow for this appellant to exercise his right to allocution, in which instance, this appellant will present important mitigating circumstances that need to be considered prior to the imposition of sentence.

§

## II. THE DISTRICT COURT FAILED TO APPOINT COUNSEL AT RESENTENCING IN DIRECT VIOLATION OF THIS APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL.

Controlling legal standard:

**United States v. Cronic, 466 U.S. 648, 659 n. 25, 104 S. Ct. 2039,2047 n.25, 80 L. Ed2d 657 (1984.)**

Argument:

The District Court violated this appellant's Sixth Amendment right to be represented by counsel at resentencing.

The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused at a critical stage of the proceeding". That is, there is a great difference between having a bad lawyer and having no lawyer: if the lawyering is merely ineffective, then the decision to grant relief turns on the degree of incompetence and prejudice from the defendant; if the defendant had no lawyer, prejudice is legally presumed in every case, and the defendant is entitled to relief in every case. **United States v. Cronic, 466 U.S. 648,659 n.25, 104 S. Ct. 2039, 2047 n. 25, 80 L. Ed. 2d 657 (1984).**

**"If the accused is denied counsel...the adversary process becomes presumtively unreliable.)** Martin v. McCotter, 796 F2d 813 (5th Cir).

"Actual or Constructive denial of the assistance of counsel is legally presumed to result in prejudice." **Tucker v. Day, 969 F2d 155 (5th Cir 1992)**, in which the district Court found that "Tucker was not prjudiced by the failure of his appointed counsel "to allocute at sentencing" because the sentencing judge was familiar with the case and based his resentencing entirely

-11-

upon the first sentencing hearing at which Tucker's counsel performed effectively. The effectiveness of representation at the first sentencing hearing, however, does not fulfill the Constitutional requirement that Tucker be assisted by counsel at resentencing hearing. Taken to its logical conclusion, this argument would permit the state to deny counsel to Tucker at the resentencing hearing."

The Sixth Amendment entitles a defendant to the assistance of counsel at all critical stages of a criminal proceeding, and sentencing is a critical stage of a criminal procedure. **United States v. Taylor, 933 F2d 307 (5th Cir) Cert denied-U.S.- 112 S. Ct. 235, 116 L.Ed 2d 191 (1991).**

In sum, this appellants constitutional guarantee to be represented by counsel in all critical stages of a criminal proceding has been violated by the District Court's failure to appoint counsel to assist this appellant at resentencing.

This appellant respectfully requests that his sentence be set aside and remanded with instructions to appoint counsel for the purpose of assisting this appellant at the resentencing hearing.

§

## III. THE DISTRICT COURT'S IMPOSITION OF AN ENHANCED SENTENCE, ON REMAND, SHOWS VINDICTIVENESS AT SENTENCING.

CONTROLLING LEGAL STANDARD:

**NORTH CAROLINA V. PEARCE, 395 U.S. 711,723, 89 S. CT. 2072,2079, 23 L.ED2d 656 (1969)**

Argument:

Appellant Williamson successfully appealed his first sentence in which the Fifth Circuit Court of Appeals held that under **United States v. Bellazarius, 24 F3d. 698 (5th Cir. 1994),** appellant Williamson was not a career offender and remanded with instructions to resentence appellant Williamson to the then applicable guidelines without the career offender enhancement.

On September 13,1999, this appellant, Terry Dewayne Williamson, received his new judgement, via mail, which reflected his sentence to be that of 175 months which is the top of the guideline range.

This appellant now appeals this enhanced sentence asserting that the District Court was vindictive in their sentence determination and the only possible reason is the Court has taken this action due to this appellant having succeeded on appeal.

One of the fundamental principles of our jurisprudence is that a defendant cannot be punished for exercising a Constitutional right and that vindictiveness is to play no role in the sentencing of defendants.

To punish a person because he has done what the law plainly allows him to do is a Due Process violation of the most basic sort... and for an agent of the state to pursue a course of

-13-

action whose objective is to penalize a person's reliance on his legal right is "patently unconstitutional". **United States v. Mazzaferro, 865 F2d 450 (1st Cir 1989); Bordenkircher v. Haynes, 434 U.S. 357,363, 98 S. Ct. 663,668, 54 L. Ed2d 659 (1969)**(The Supreme Court has reiterated this principle in a long series of cases, generally in the context of resentencing a defendant who had successfully appealed his first conviction.)

In **North Carolina v. Pearce, 395 U.S. 711,732, the Supreme Court held that "[I]t can hardly be doubted that it would be aflagrant violation of the Fourteenth Amendment for a State Trial Court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside.** Where as in each of the cases before us, the original conviction as been set aside because of a constitutional error, the imposition of such a punishment, "penalizing those who choose to exercise" constitutional rights, "would be patently unconstitutional." **United States v. Jackson 390 U.S. 570,581, 20 L. Ed2d 138,147, 88 S. Ct. 1209.** And the very threat inherent in the existence of such a punitive policy would, with respect to those still in prison, serve to "chill the exercise of basic constitutional rights." Id at 582, 20 L. Ed2d at 147. See also **Griffin v. California 380 U.S. 609, 14 L. Ed2d 106, 85 S. Ct. 1229; Cf. Johnson v. Avery, 393 U.S. 483, 21 L. Ed2d 718, 89 S. Ct. 747.** But even if the first conviction has been set aside for non-constitutional error, the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy, would be no less a violation of Due Process of Law. see **Van Alstyne, In Gideon's wake: Harsher**

-14-

Penalties and the "Successful Criminal Appellant, 74 Yale LJ 606 (1965); note, unconstitutional conditions, 73 Harv. L. Rev. 1595 (1960). "A new sentence, with enhanced punishment, based upon such a reason, would be a flagrant violation of the rights of a defendant." **Nichols v. United States 106 F2d 672,679.** A Court is "without right to put a price on appeal". A defendant's right of appeal must be free and unfettered.

In the case at hand it is clear that the Honorable District Court's position at the original sentencing was to sentence everyone to "the least possible sentence allowed by law".

This appellant would respectfully redirect this Courts attention to its original statements made at sentencing on February 22,1994, where this Honorable Court stated that:

First, this Honorable Court imposed sentence on co-defendant Fidel Valencia, who was convicted and sentenced on Counts 1,2,3,4 and six, one of those specific Counts was for Engaging in a Continuing Criminal Enterprise (CCE). This Honorable Court stated to Mr. Valencia: "notice that the Court has sentenced you to the minimum imposed by law as some of the other Counts.(Sentencing, at 3)

Second, this Honorable Court then sentenced co-defendant Alejandro Alcala. The Court stated: "I will give him the minimum which is what is recommended." (Sentencing, at 5).

Third, this honorable Court then imposed sentence upon this appellant, Terry Williamson, after, making a finding that he was a Career Offender, the Court asked the defendant to "notice that what I am doing is imposing a sentence to you the least I can under the law." (Sentencing, at 20)

-15-

Last, this Honorable Court sentenced co-defendant Jessee Villalobos and advised him and his attorney Mr. Noe Robles that: "I am going to sentence him to the very least I can in this case under the law." (Sentencing, at 23)

The record affirmatively reflects that the "sentencing Scheme" employed by the Court on that February morning was to sentence, not only this appellant but, every defendant in this case to the least possible sentence under the law.

On the Amended Judgement, the District Court stated under the heading "Additional Reasons For Point Within Guideline Range" that "The 1542 lbs. (699.45 Kilograms[KG]) of marihuana used as the basis to determine the base offense level almost surpassed the 400KG to 700KG marihuana range for that level. Therefore, a sentence at the upper end of the sentencing guideline is deemed appropriate. the sentence meets the sentencing objectives of providing just punishment, affords adequate deterrence, promotes respect for the law, and reflects the seriousness of the offense."

The Government may argue that this Honorable Court has recorded an explanation for the imposition of a sentence at the highest point possible in the guideline range. An explanation that is adequately based on conduct proved at trial, but the fact still remains that the majority of the co-defendants in this case were found guilty of this exact conduct, yet they were sentenced to the lowest possible sentence under the law. Which makes this appellant believe that the imposition of his sentence of 175 months, as opposed to 140 months, is in retaliation for having succeeded in getting his sentence vacated and remanded.

CMJPDF - www.fasloo.com

In summing up this appellant contends that the sentence imposed upon remand has the sense of vindictiveness in light of all the surrounding circumstances. This appellant respectfully request that this Honorable Court set aside his sentence and resentence in accordance with the "sentencing scheme" employed at the original sentencing hearing, which is to sentence this appellant to the least possible sentence under the law, which would be the bottom of the guideline range (140 months).

Finally, in reiterating the principle the Court stated that a defendant should "be freed of apprehension of such retaliatory motivation on the part of the sentencing judge." **See Wasman v. United States, 468 U.S. 559,574, 104 S. Ct. 3217, 3226, 82 L. Ed 2d 424 (1984); United States v. Goldwin, 457 U.S. 368,372, 102 S. Ct. 2485,2488, 73 L. Ed 2d 74 (1982); Blackledge v. Perry, 417 U.S. 21,28, 94 S. Ct. 2098,2102, 40 L. Ed 2d 628 (1974); Chaffin v. Stynchombe, 412 U.S. 17, 32 n.20, 93 S. Ct. 1977, 1986 n.20, 36 L. Ed 2d 714 (1978); Brady v. United States, 397 U.S. 742,751 n.8, 90 S. Ct. 1463,1470 n. 8, 25 L. Ed 2d 747 (1970); United States v. Jackson, 390 U.S. 570,581-82, 88 S. Ct. 1209,1216, 20 L. Ed 2d 138 (1968) and Marano v. United States 374 F2d 583 (1967).**

§

CutePDF - www.fasika.com

## CONCLUSION

Appellant Williamson has set forth his arguments to the best of his layman in law abilities and moves this Honorable Court to accord the deficiencies under a liberal construction. Appellant Williamson further moves this Honorable Court to find he has presented a colorful claim that establishes meritorious arguments which require review and reconsideration by this Honorable Court. This appellant respectfully moves this Honorable Court to remand this case back to the District Court for the purpose of resentencing, at which time this Honorable Court can appoint counsel to represent this appellant at resentencing and allow this appellant to exercise his right to allocution, or in the alternative be resentenced by mail to to the sentence of 140 months which is the lowest possible sentence under the law for this case in accordance with the sentencing scheme that was employed by this Honorable Court at the original sentencing hearing.

Respectfully Submitted,

*9-28-0̇0*
**DATE**

Terry Dewayne Williamson
Appellant, Propia Persona

# CERTIFICATE OF SERVICE

I Terry Dewayne Williamson, hereby certify that a true and correct copy of this foregoing instrument has been served upon the following:

James DeAtley
United States Attorney
910 Travis, Suite 1500
Houston, Texas 77208

...by way of certified mail, by placing the same in sealed pre paid envelopes and placing them in this institution's "Legal Mail" mailbox for forwarding. These documents are deemed filed at the time they were placed in this institution's mailbox for forwarding.

I certify under penalty of perjury that the above is true and correct.

b

Respectfully Submitted,

*Terry D. Willia—*

Terry    Dewayne    Williamson
U.S.M. No. 39570-079
FMC  Fort  Worth,  Austin  Unit
Post Office Box 15330
Fort worth, Texas 76119

 **COPY**                                            /5

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JAN 2 2** 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT, | § | |
| | § | |
| versus, | § | NO. 98-40922 |
| | § | U.S.D.C. NO. B-97-CV-16 |
| | § | 93-CR-132-4 |
| TERRY DEWAYNE WILLIAMSON, | § | |
| APPELLANT. | § | |
| | § | |

---

MOTION TO AMEND 28 U.S.C. §2255 MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE

---

NOW INTO THIS HONORABLE COURT COMES Terry Dewayne Williamson, petitioner, by way of propia persona representation and moves this Honorable Court to amend this petitioner's §2255 motion to Vacate, Set Aside or Correct Sentence pursuant to Rule 15(a0 of the Federal Rules of Civil Procedure.

A memorandum brief in support of this motion is made part of this motion by reference herein.

Respectfully Submitted,

*Terry D. Williamson*
Terry Dewayne Williamson
Petitioner Pro-Se
U.S.M. No.39570-079
Post Office Box 15330
Fort Worth, Texas 76119

-1-

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,      §
RESPONDENT,                    §
                               §
                               §
versus,                        §                    NO. 98-40922
                               §        U.S.D.C. NO. B-97-CV-16
                               §                    93-CR-132-4
TERRY DEWAYNE WILLIAMSON,       §
APPELLANT.                     §
                               §

MOTION TO AMEND 28 U.S.C. §2255 MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO RULE 15(a)
OF THE FEDERAL RULES OF CIVIL PROCEDURE

TITLE 28 U.S.C. §2242 provides that Habeas Corpus applications "may be amended or supplemented as provided in the Rules of procedure applicable to civil action." Rule 12 of the Rules governing 28 U.S.C. §2255 authorizes the Federal Rules of Civil Procedure to be applied to §2255 proceedings.

Federal Rules of Civil Procedure, Rule 15(a) gives Habeas Corpus Petitioners, like other civil complainants the right to amend the petition once without leave of the court "at any time before [the government files] a responsive pleading." See, e.g. WILLIS v. COLLINS, 989 F2d 187,189 (5th Cir 1993).

I.   PETITIONER WAS SENTENCED ABOVE THE STATUTORY MAXIMUM SENTENCE
     ALLOWED FOR THE CRIME OF CONSPIRACY UNDER §846.

CONTROLLING LEGAL STANDARD:
APPRENDI v. NEW JERSEY, 120 S. Ct. 2348

Petitioner Williamson asserts that his 5th,6th, and fourteenth Amendment rights, as guaranteed by the U.S Constitution have

-2-

been violated based upon the fact that the government has only proven[to the jury] guilt of this petitioner to an offense of conspiracy to distribute marijuana without a finding of drug quantity by the jury. Therefore, this petitioner's sentence should not have exceeded the five year statutory maximum for 21 U.S.C. §841(b)(1)(D).

Petitioner Williamson brings this claim in light of the Supreme Court holding in APPRENDI v. NEW JERSEY, 120 S. Ct. 2348 (June 26,2000). And subsequent holdings in light of APPRENDI.

Petitioner Williamson bring to this Court's attention the fact that the aggravating factor that was considered by this Honorable Court for finding a sentencing range was the 1,542 lbs of marijuana alleged in the Indictment. Yet it is clear that the jury was not properly instucted to find guilt beyond a reasonable doubt on that amount of marijuana. The jury was merely instucted that any measurable amount of marijuana should be considered in making a finding of guilt, thereby foreclosing any meaningful deliberation on the issue of drug quantity.

Petitioner Williamson's constitutional right to have the jury find him guilty of all elements of the crime charged has been violated and his sentence is in excess of that allowed under the statute.

In a recent holding by the U.S. Supreme Court APPRENDI v NEW JERSEY, 120 S. CT. 2348 (2000) holds that "[o]ther than the fact of a prior conviction, any fact that increases the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt." I.d. at 262-63.

-3-

In UNITED STATES v. BEMAN, (10/6/00 No. 99-50380) the Fifth Circuit vacated and remanded BEMAN'S two life sentences in light of APPRENDI due to the indictment lacking the drug amount, and the failure to have had the jury determine beyond a reasonable doubt an important element of the crime charged, the drug amount to be used to sentence the defendant.

The Fifth Circuit stated that:

This case presents the questions recently left unanswered
in UNITED STATES v. MESHACK, 2000 WL 1218437 (5th Cir 2000),
whether drug quantities under §841(b) are sentencing factors
or elements of the offense. We conclude that there is no
reasonable construction of §841 that would allow us to
avoid the broad constitutional rule of APPRENDI.
Notwithstanding prior precedent of this circuit and the
Supreme Court that congress did not intend drug quantity
to be an element of the crime under 21 U.S.C. §§841&846,
we are constrained by APPRENDI, to find in the opposite.
In a departure from its previous analysis, the APPRENDI
court, quoting JONES, 526 U.S. at 252-53 (Steven J. concurring),
held that it is unconstitutional for a legislature to remove
from the jury the assessment of facts that increase the
prescribed range of penalties to which a criminal defendant
is exposed." APPRENDI, 120 S.? Ct 2363.

The drug quantity determination id critical to the
statutory sentencing provisions in 21 U.S.C. §841. Section
841 consists of two relevant subsections. SEction 841(a)
makes it unlawful for any person to manufacture or distribute
a controlled substance. Section 841(b) defines the applicable
penalties for violations of 841(a) based on the type and
quantity of drug.  The structure of 841 is similar to that
described by Justice Thomas in his concurrence in APPRENDI,
"if the legislature defines some core crime and then provides
for increasing the punishment for that crime upon a finding
of some aggravating fact-of wahtever sort- the core crime
and the aggravating fact together constitute an aggravated

-4-

crime, just as much as grand larceny is an aggravated
form of petit larceny. The aggravating fact is an element
of the aggravated crime." <u>APPRENDI</u>, 120 S. CT. 2363.

Section 841 clearly calls for a factual determination
reguarding the quantity of he controlled substance, and
that factual determinaton significantly increases the
maximum penalty from 20 years under 841(b)(1)(C) to life
imprisonment under §841(b)(1)(A). Therfore, we hold that
if the government seeks enhanced penalties based on the
amount of drugs under 21 U.S.C. :841(b)(1)(A) or (B), the
quantity must be stated in the indictment <u>and submitted</u>
<u>to a jury for a finding of proof beyond a reasonable doubt</u>
To the extent hat our prior precedent is inconsistent with
this holding in <u>APPRENDI</u>, it is overruled. Id. <u>UNITED STATES</u>
<u>v BEMAN</u>, (5th Cir 10/6/00).

As had been the paractice in the Fifth Circuit, no specified
amounts of drugs were charged in the indictment or submitted
to the jury in <u>BEMAN</u>. Following the jury's guilty verdict, the
judge determined, by a preponderance of the evidence, the quantity
of drugs attributable to each defendant.

As in <u>BEMAN</u>'S case, petitioner Williamson also received
a  sentence above his statutory maximum for the crime he was
convicted of by the jury and his sentence is in violation of
his constitutional rights due to the jury not having made a finding,
beyond a reasonable doubt,as to the amount of marijuana attributable
to Williamson. the jury was just instructed that the government
need not prove quantities as alleged in the indictment, but rather
that "any measurable amount" could be considered in making a
determination of guilt. That jury instuction reasonably foreclosed
any meaningful deliberation by the jury on the amount of drugs
for which he was convicted, thereby allowing the government to

obtain a conviction in violation of the constitutional guarantees of Due Process of Law that is afforded to all criminal defendants in criminal prosecutions.

Petitioner Williamson has been convicted in violation of the law and it is this petitioner's assertion that he has been sentenced above the statutory maximum for the crime that the jury found him guilty of.

In APPRENDI v NEW JERSEY, 120 S.Ct. 2348, the defendant plead guilty to a charge of second degree possession of a firearm for an unlawful purpose. Id. This charge usually carried a penalty range of five to ten years imprisonment, but the defendant was eligible for sentence enhancement on the basis of New Jersey's "hate crime" law.

the trial judge at sentencing found, by a preponderance of the evidence, that the defendant had violated the hate crime law and sentenced him to twelve years. On appeal, the Supreme Court addressed the question "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt."Id. The Court answered this question affirmatively, and reversed he defendant's conviction. The APPRENDI, Court held:

> In sum, our examination of our cases in this area, and of
> the history upon which they rely, confirms the opinion that
> we expressed in JONES. Other than the fact of a prior conviction
> [as in ARMENDAREZ-TORRES], any fact that increases the penalty
> for a crime beyond that prescribed statutory maximum must
> be submitted to a jury, and proved beyond a reasonable doubt.
> With that exception, we endorse the statement of the rule

set forth in the concurring opinions in that case." It is
unconstitutional for a legislature to remove from the jury
the assessment of facts that increase the prescribed range
of penalties to which a criminal defendant is exposed.
It is equally clear that such facts must be established
by proof beyond a reasonable doubt." 526 U.S. at 252-53,
119 S.Ct. 1215 (opinion of J Stevens); see also, I.d, at
253,119 S.Ct. 1215 (opinion of Justice Scalia)

The situations in Williamson's case, Williamson's sentence
under §§841 & 846 are unconstitutional, thus violative of this
petitioner's right to Due Process of Law. In sum, the petitioner
would submit that the APPRENDI holding required elements for
demonstrating violations of §841(a)(1) and 846; drug type and
amount have never been presented to the jury for a finding of
guilt beyond a reasonable doubt, nor proven at trial.

The instant sentence must be set aside in light of APPRENDI,
and this petitioner's sentence should be corrected to reflect
the maximum statutory sentence under §841(b)(1)(D) which is five
years.

It is this petitioner's position that the congressional
intent in drafting §841(A)(1) is clear and congress did not have
the authority to remove those required elements (drug amount)
from the government's burden of proof and allow them to be factors,
demonstated only by a preponderance of the evidence at sentencing.
SInce the required elements have not been proven the sentence
imposed is in violation of the constitutional guarantees of a
fair judicial proceeding.

-7-

II.   IS AMENDMENT OF THIS PETITIONER'S §2255 MOTION PROPER?

This petitioner asserts that this amendment to his §2255 motion is proper where he failed to raise these issues on direct appeal after resentencing due to the fact that he was never informed of his right to a direct appeal of the sentence in this case. Petitioner Williamson was resentenced through the mail from judgement of this court handed down on August 31,1999, and this court failed to inform this petitioner of his right to appeal the judgement.

Furthermore, the Supreme Court had not Ruled on APPRENDI until June 26,2000, therefore the new Rule was not available at the time this petitioner was resentenced, therefore the procedural default.

In making a showing of substantial prejudice, this petitioner asserts that he has suffered extreme prejudice by having been sentenced to six times the statutory maximum sentence, which was later reversed [on other grounds] and vacated for resentencing at which time this petitioner was resentenced to three times the maximum statutory maximum for the crime he was convicted of. Thereby, showing substantial prejudice, this petitioner has been incarcerated for eight years which calls for immediate action in light of him having served three years in excess of his statutory maximum sentence of five years under §841(b)(1)(D).

In the context of APPRENDI being retroactive for cases on collateral review, this petitioner relies on UNITED STATES v MURPHY, 109 F. Supp 1059 (D. Minn 2000) which held:

The applicability of APPRENDI to drug cases raises the question of whether this court must retroactively apply the new rule

to this defendant's case. In general, new constitutional rules of criminal procedure apply retroactively only to cases which are on direct state or federal appeal at the time the rule is announced. See GRIFFITH v KENTUCKY, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed 2d 649 (1987). A new rule is not to be applied retroactively on collateral review unless the rule fall within one of two narrow exceptions: (1) the new rule places certain kinds of primary conduct beyond the power of the criminal lawmaking authority to proscribe, or (2) the rule requires the observance of "those procedures that... are 'implicit in the concept of ordered liberty.'" TEAGUE v. LANE, 489 U.S. 288, 305-310, 109 S.Ct. 1060, 103 L. Ed 2d 334 (1989)(citations omitted). Retroactivity under TEAGUE is a "threshold matter" which must be addressed "before considering the merits of the claim." CASPARI v. BOHLEN, 510 U.S. 383,389, 114 S.CT. 948, 127 L.Ed2d 236 (1994).

The first exception to the general rule prohibiting retroactivity applies only to rules that decriminalize a class of conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. See SAFFLE v. PARKS, 494 U.S. 484,495. The exception is inapplicable here. However the APPRENDI decision does implicate the second exception, which applies to those "watershed rules of criminal procedure" which "alter our understanding of a proceeding" and without hte likeihood of an accurate conviction is seriously diminished." SAWYER v SMITH, 497 U.S. 227, 242-44, 110 S.Ct. 2822, 11 L.Ed 2d 193 (1990)(quoting TEAGUE);See also BOUSLEY v. UNITED STATES, 523 U.S. 614,620, 118 S.Ct. 1604, 140 L.Ed 2d 828 (1998)("The TEAGUE doctrine is founded on the notion that one of theprincipal functions of habeas corpus [is] "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted."'"(citations ommitted)

-9-

In APPRENDI the Supreme Court observed:

At stake in this case are constitutional protections
of surprising importance: the proscription of any deprivation
of libery without "due process of law," ...and the guarantee
that "[i]n all criminal prosecutions, the accused shall
enjoy the right to a speedy and public trial, by an impartial
jury,"... Taken together, these rights indesputably entitle
a criminal defendant to a jury determination that [he] is
guilty of every element of the crime with which he is charged,
beyond a reasonable doubt. UNITED STATES v GAUDIN, 515 U.S.
506,510, 115 S.Ct. 2310, 132 L.Ed 2d 444 (1995); see also,
SULLIVAN v. LOUISIANA, 508 U.S. 275,278, 113 S.Ct. 2078,
124 L.Ed 2d 182 (1993); WINSHIP, 397 U.S. at 364, 90 S.Ct.
1068, 25 L.Ed 2d 368 ("[T]he Due Process Clause protects
the accused against conviction except upon proof beyond
a reasonable doubt of every fact necessary to constitute
the crime with which he is charged") 120 S.Ct. at 2355 Id.

The Court ultimately concluded in APPRENDI that the
constitution requires a jury finding on any fact which increases
the statutory maximum penalty. This conclusion compels a
radical shift in criminal procedure in federal drug cases.
This court has presided over countless trials and sentencings
in which the court has served as the ultimate decision maker
as to the quantity of drugs. Indeed, the jury is often
specifically instructed that it is not necessary for the
government to prove the exact or precise amount of drugs
as alleged in the indictment. As such, a jury finding as
to quantity is rare. Cf. UNITED STATES v SHEPPARD, 219 F3d
766,768 (8th Cir 2000)(Upholding a defendant's sentence
in a post-Apprendi appeal where the jury made a special
finding of drug type and quantity).

After APPRENDI, to the extent that the government seeks
to subject a drug offender to the higher penalties under
841(b)(1)(A) or (b)(1)(B), it must submit drug type and
quantity to the jury, and the jury must find those facts
beyond a reasonable doubt. The implications of the new rule

-10-

are significant in drug conspiracy cases. As the Court
itself noted in APPRENDI, "There is a vast difference between
...a judgement of conviction entered in a proceeding in
which the defendant had the right to a jury trial and the
right to require the prosecutor to prove guilt beyond a
reasonable doubt, and allowing the judge to find the required
fact under a lesser standard of proof." 120 S. Ct. at 2366,
see also In re WINSHIP, 397 U.S. 358,363 (1970) (quoting
COFFIN v. UNITED STATES, 156 U.S. 432, 453 (1895) ("The
reasonable doubt standard plays a vital in the American
scheme of criminal procedure. it is a prime instrument for
reducing the risk of convictions resting on factual error.
The standard provides concrete substance for the presumption
of innocence--that bedrock 'axiomatic and elementary' principle
whose 'enforcement lies at the foundation of the administration
of our criminal law.'")

There can be no doubt that hte sweeping new requirements
announced by the court in APPRENDI is so grounded in fundamental
fairness that it may be considered of watershed importance.
Accordingly, the Court concludes that the APPRENDI decision
falls under the second exception to the TEAGUE nonretroactivity
principle and must be applied to this §2255 motion.

Applying the new rule to the defendant's case the court
further concludes that the defendant's sentence violates
the APPRENDI requirement.  The court has carefully reviewed
the jury instructions in this case and observes that the
jury jury was specifically instructed that "It is not necessary
for the government to prove the exact or precise amount
of cocaine base alleged in the indictment."[Doc. no. 494,
p. 36] The court believes this initial instruction that
the government need not prove quantity effectively foreclosed
any meaningful deliberation on the issue of drug quantity.

It is true that the jury was also given an instruction
regarding the elements of a conspiracy beyond a reasonable
doubt. However in the latter part of the  instruction, where

the court set forth the elements of the distribution and possession charges underlying the conspiracy, there was no mention what so ever of quantity.

Viewing the instructions as a whole, the court concludes that the issue of quantity was not subject to a reasonable doubt determination by the jury in the defendant's case. Therefore, imposing a sentence under the harsher provisions of §841(b)(1)(A) was unlawful and defendant's motion as to this claim must be granted. ID. UNITED STATES v MURPHY, 109 F. Supp 2d 1063-65 (D. MInn 2000).

This petitioner asserts that his case meets the same requirement as MURPHY, and therefore must be considered on collateral review in light of the above cited U.S. Supreme Court caselaw.

## CONCLUSION

This petitioner submits that he has established a claim which calls for review by this court, and respectfully requests that the claim be examined, and considered on the merits.

Wherefore premises considered this petitioner respectfully requests resentencing to the maximum applicable sentence of five years which is the statutory maximum sentence for a conviction under 841(b)(1)(D).

Respectfully Submitted,

*Terry D. Wun*
Terry Dewayne Williamson
propia persona rep.
U.S.M No. 39570-079
Austin Unit
Post Office Box 15330
Fort Worth, Texas 76119

## CERTIFICATE OF SERVICE

I Terry Dewayne Williamson, Hereby certify, under penalty of perjury, that a true and correct copy of this foregoing legal instrument has been sent to the following:

Mark Patterson
A.U.S.A.
1036 E. Levee
Brownsville, Texas 78520

...by placing the same in a prepaid, sealed-envelope and depositing it in this institution's "legal mail" mailbox for forwarding to the above named individual.

/-/6-0'
DATE

_Terry D William_
Terry Dewayne Williamson

-13-