IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-41326
USDC No. B-93-CR-132-4
USDC No. B-97-CV-16

---

United States District Court
Southern District of Texas
FILED

MAR 1 2 2002

Michael N. Milby
Clerk of Court

IN RE:

TERRY DEWAYNE WILLIAMSON,

Petitioner.

---

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas

---

U.S. COURT OF APPEALS
FILED
MAR  6 2002

CHARLES R. FULBRUGE III
CLERK

Before REAVLEY, WIENER, and PARKER, Circuit Judges.

BY THE COURT:

Terry Dewayne Williamson, federal prisoner #39570-079, has filed in this court a pro se petition for a writ of mandamus. Williamson complains that the district court denied his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without considering all of his arguments. He asks that we direct the district court to issue a ruling addressing the omitted issues, or alternatively, that we address the merits of his arguments.

The mandamus remedy is an extraordinary one, granted only in the clearest and most compelling cases in which a party seeking mandamus shows that no other adequate means exist to attain the requested relief and that the right to the issuance of the writ

No. 01-41326
- 2 -

is "clear and indisputable." In re Willy, 831 F.2d 545, 549 (5th Cir. 1987). Mandamus is not a substitute for appeal. Id.

Following his conviction of conspiring to possess marijuana, Williamson filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Although the district court denied the motion, a panel of this court reversed the decision, vacated Williamson's sentence, and remanded the case for resentencing. Williamson was resentenced on August 31, 1999.

On August 31, 2000, Williamson filed a 28 U.S.C. § 2255 motion challenging his new sentence. Williamson argued that the district court did not appoint counsel to represent him at resentencing, denied him the right to allocution at a resentencing hearing, and imposed a vindictive sentence. On January 22, 2001, Williamson filed a motion to amend his 28 U.S.C. § 2255 motion in order to challenge his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government filed a "MOTION TO DISMISS MOTION TO VACATE UNDER § 2255 AND ANSWER." However, the Government's motion addressed only the validity of Williamson's proposed Apprendi claim. Williamson filed a response, reiterating the arguments he raised in his August 31, 2000, motion. On May 11, 2001, the district court granted the Government's motion to dismiss and denied Williamson's motion for relief under 28 U.S.C. § 2255. The district court also denied Williamson's motion to amend his 28 U.S.C. § 2255 motion.

If Williamson believes that the district court failed to consider the arguments he raised in his August 31, 2000, motion

No. 01-41326
- 3 -

or erred in denying him relief under 28 U.S.C. § 2255, his appropriate remedy is to raise those issues in a motion for a certificate of appealability (COA) and, if it is granted, on appeal from the district court's final judgment. Williamson's motion for a COA is currently pending in this court. Because Williamson has an appellate remedy, he is not entitled to mandamus relief.

   The petition for a writ of mandamus is DENIED.

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit

By  *JB Rogers*
       Deputy
New Orleans, Louisiana

MAR - 6 2002