United States District Court
Southern District of Texas
FILED

JUL 2 9 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | CASE NOS. B-97-CV-16 |
| vs. | § | B-93-CR-132-4 |
| TERRY D. WILLIAMSON, | § | |
|     Defendant-Movant. | § | |
| | § | |

MOTION TO PROPERLY SENTENCE DEFENDANT
AS MANDATED BY THE FIFTH CIRCUIT'S ORDER
AND RULES 43(a), & 32(a)(1) Fed. R. Crim. P.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Terry D. Williamson, your Defendant/Movant in the above styled and numbered cause, who proceeds herein, Pro Se, and will state and show the Court as follows:

Jurisdiction: The District Court has jurisdiction in the instant cause, pursuant to Title 28 U.S.C. §§2255, 2253, and in accord with the Fifth Circuit's Remand Order as described Infra.

Statement of the Facts: Movant Williamson was successful on his 28 U.S.C. §2255 Motion, filed (1-29-97); the Fifth Circuit vacated and remanded for resentencing. See, Movant's EXHIBIT (A) - Mandate Order. In light of the Fifth Circuit's Remand Order the District Court resentenced Movant in absentia, and sent Movant a copy of the New Judgment and Commitment Order "BY MAIL", dated (8-31-99). See, EXHIBIT (B)

Argument & Authorities Supporting the Motion: The Fifth Circuit has addressed the issue as to the District Court's

(1)

discretion in the matter of resentencing a defendant after the sentence has been vacated by the Court of Appeals. See, UNITED STATES V. MOREE, 928 F.2d 654 (5th Cir. 1991); the Fifth Circuit found where the original sentence was set aside, the Defendant on resentencing was found to have a constitutional right to be present and the right to allocution. See, Fed. Rule Crim. P., 43(a) and 32(a)(1). The District Court "has the power or authority to deviate", (Moree, Supra at 656); where the mandate rendered Williamson's sentence null and void, the vacatur is the law of the case.

Based on Fifth Circuit Precedent, and United States v. Moree, Supra, Movant is entitled to be present for resentencing to allocute. See also, Rules 43(a), and 32(a)(1), Fed. R. Crim. P.

Conclusion: The Movant in this case has no formal education, or schooling in the law, therefore, he has put this issue before the district court by way of Title 28 U.S.C. §2255 and the district court failed to address the error. Movant respectfully urge the Court to construe this pleading liberally as directed by HAINES V. KERNER 404 U.S. 520, (2 S.Ct. 594 (1972), and grant Movant's Motion to be present, and the right to allocution at his resentence hearing.

RESPECTFULLY SUBMITTED,

*Terry D. Williamson*
Terry D. Williamson
Reg. No. 39570 079
FMC - Fort Worth
P.O. Box 15330 (Austin)
Fort Worth, Tx 76119

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-40922
Summary Calendar

U. S. COURT OF APPEALS
**FILED**

AUG 17 1999

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TERRY DEWAYNE WILLIAMSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Terry Williamson appeals the denial of his motion for collateral, post-conviction relief under 28 U.S.C. § 2255. Concluding that his counsel on direct appeal rendered constitutionally ineffective assistance by failing to raise recent, dispositive precedent that would have resulted in a lower base offense level under the sentencing guidelines, we vacate Williamson's sentence and remand for further proceedings.

I.

In a multi-count indictment brought against numerous co-conspirators, Williamson was indicted and convicted of one count of conspiring to possess approximately 1,542 pounds of marihuana with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The court sentenced Williamson to 360 months' confinement, based on his status as a career offender, pursuant to U.S.S.G.



§ 4B1.1, which increased his total offense level from 28 to 37 and resulted in a sentence range of 360 months to life. For the career-offender enhancement, the court relied on Williamson's conspiracy conviction as the triggering offense, and numerous earlier conspiracy and substantive drug convictions as the prior offenses.

Williamson appealed, but, before he submitted his brief, we decided *United States v. Bellazerius*, 24 F.3d 698 (5th Cir. 1994). There, we determined that the Sentencing Commission had acted beyond the scope of the authority on which it relied, 28 U.S.C. § 994(h), when it included drug conspiracies in the list of offenses that trigger career offender status, because those offenses did not appear in the statute. *See id.* at 702.[1] Nonetheless, Williamson's appellate counsel did not bring *Bellazerius* to our attention and did not argue that it required finding error in Williamson's status as a career offender. We affirmed the conviction *sub nom. United States v. Valencia*, No. 94-60156 (5th Cir. Aug. 7, 1995) (unpublished).

In 1997, Williamson filed a § 2255 motion to vacate, set aside, or correct his sentence. He first asserted that the district court's reliance on his conspiracy conviction to trigger § 4B1.1's career offender provisions violated *Bellazerius* and that his counsel had rendered deficient assistance at trial and on appeal by failing to challenge the career offender enhancement on this ground. Williamson also claimed ineffective assistance on the ground that counsel had denied him his constitutional right to testify in his own defense, had failed to apprise him of a government plea offer, had prevented him from presenting a defense theory, and had failed to interview potential witnesses.

The court denied the motion. It determined that the career offender enhancement contention raised a challenge to the technical application of the sentencing guidelines that was not cognizable in a § 2255 motion. With respect to the related ineffective assistance claim, the court concluded that Williamson had not demonstrated that his counsel's actions fell below the objective standard of reasonableness. The court also rejected Williamson's other claims.

Williamson timely filed a notice of appeal and a request for a certificate of appealability ("COA"), as required by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] The district court explained that it allowed the conspiracy conviction to act as the triggering offense at the time when ambiguity existed as to whether the provisions included conspiracy convictions. It then noted that we subsequently had held in *Bellazerius* that conspiracy offenses could not serve as either triggering or prior offenses for the career offender provisions. Because it "had held otherwise in applying the conspiracy conviction to the Career Offender Section 4B1.1," the court issued a COA on that issue alone and did not address any of Williamson's other arguments.

---

[1] The Commission has since amended the Background Commentary to § 4B1.1 to expand the authority on which the career offender provisions rely, and those provisions now encompass conspiracy as triggering and prior offenses. *See United States v. Lightbourn*, 115 F.3d 291, 293 & n.5 (5th Cir. 1997).

[2] Pub. L. No. 104-132, 110 Stat. 1214. AEDPA governs all § 2255 motions, such as this one, filed after its April 24, 1996, effective date. *See Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999).

2

## II.

The question Williamson presents for our review, as permitted by the COA, is whether his claim regarding the misapplication of the guidelines is cognizable under § 2255; and, if not, whether he received ineffective assistance because his counsel failed to challenge the career offender enhancement either at sentencing or on appeal. When reviewing a denial of a § 2255 motion, we review factual findings for clear error and conclusions of law *de novo*. *See United States v. Jones*, 172 F.3d 381, 383 (5th Cir. 1999); *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).

### A.

Williamson attacks head-on the sentencing court's application of § 4B1.1, triggered by his conspiracy conviction. As we explained in *Bellazerius*, the Sentencing Commission explicitly relied on 28 U.S.C. § 994(h) in promulgating § 4B1.1; but § 994(h) does not list conspiracy to commit a controlled substance offense among the crimes that may trigger or serve as prior offenses for career offender status. *See* 24 F.3d at 700-01. Because *expressio unius est exclusio alterius*, the Commission exceeded § 994(h)'s authority in including the offense in § 4B1.1. *See id.* at 702.

The district court correctly held, however, that Williamson may not raise this issue in a collateral attack. Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. *See Faubion*, 19 F.3d at 233. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *Faubion*, 19 F.3d at 233. In fact, we explicitly have held that a defendant sentenced before *Bellazerius* may not later use its holding to vacate his sentence in a § 2255 motion. *See United States v. Carmouche*, No. 95-30180, slip op. at 7 (5th Cir. Oct. 20, 1995) (unpublished) (and cases cited therein).[3] Williamson should have raised this argument on direct appeal; it is not cognizable now.

### B.

This inaction is the gravamen of Williamson's second claim. He avers that his counsel rendered ineffective assistance by failing to challenge the career offender enhancement on appeal, when it would have been cognizable.[4] We review an ineffective assistance of counsel claim *de novo*. *See United States v. Flores-Ochoa*, 139 F.3d 1022, 1024 (5th Cir. 1998).

The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998). We judge counsel's appellate performance under the same two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984), applicable to trial performance. *See Green*, 160 F.3d at 1043. To prevail, Williamson must establish, first, that his attorney's representation was deficient and, second, that the deficient performance caused him prejudice. *See Washington*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998).

---

[3] *See also* 5th CIR. R. 47.5.3 (stating that unpublished decisions issued before 1996 have precedential value).

[4] Williamson also claims ineffective assistance at sentencing. Because of our disposition based on counsel's failure on appeal, we need not address the same failure at sentencing.

3

1.

To prove deficient performance, Williamson must show that counsel's failure to raise the *Bellazerius* argument "fell below an objective standard of reasonableness." *Id.* at 301 (quoting *Washington*, 466 U.S. at 688). Our review is deferential, presuming that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quotation omitted). Counsel does not need to "raise every nonfrivolous ground of appeal available." *Green*, 160 F.3d at 1043.[5] Nonetheless, a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. *See Washington*, 466 U.S. at 690-91; *Childress v. Johnson*, 103 F.3d 1221, 1227 (5th Cir. 1997).[6] Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention.

Williamson's appellate counsel did not provide objectively reasonable assistance. An objectively reasonable attorney, keeping abreast of legal developments related to his case, as he should, would have discovered *Bellazerius* and would have noticed that we had applied *Bellazerius* in another case decided before Williamson's brief was submitted. *See United States v. Wallace*, 32 F.3d 921, 931 (5th Cir. 1994). The cases squarely addressed an issue exactly on point for Williamson's appeal. Regardless of the standard of review we would have employed, Williamson's counsel, by failing to cite directly controlling precedent, rendered deficient assistance.[7]

2.

To prove prejudice from this deficient performance, Williamson must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional error[], the result of the proceeding would have been different." *Jones*, 163 F.3d at 302 (quoting *Washington*, 466 U.S. at 694). A reasonable probability is that which renders the proceeding unfair or unreliable, *i.e.*, undermines confidence in its outcome. *See id.*; *Green*, 160 F.3d at 1043 (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

We must examine, then, whether the failure to raise the *Bellazerius* argument undermines the result on direct appeal, making the sentence unfair or unreliable. This requires that we counter-factually determine the probable outcome on appeal had counsel raised the argument. Because counsel did not challenge the enhancement at trial, we would have reviewed for plain error. A court plainly errs when it commits (1) an error (2) that is plain, *i.e.*, clear and obvious, (3) that affects the defendant's substantial rights; even then, we should exercise our discretion to correct the error only if leaving it uncorrected seriously would affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 731-36 (1993);

---

[5] *See also Reese v. Delo*, 94 F.3d 1177, 1185 (8th Cir. 1996) (holding that "counsel has discretion to abandon losing issues on appeal").

[6] *See also Trass v. Maggio*, 731 F.2d 288, 293 (5th Cir. 1984) (holding that ignorance of relevant law constitutes an "identifiable lapse in constitutionally adequate representation").

[7] Such directly controlling precedent is rare. Often, factual differences will make authority easily distinguishable, whether persuasively or not. In such cases, it is not necessarily providing ineffective assistance of counsel to fail to construct an argument that may or may not succeed. But failure to raise a discrete, purely legal issue, where the precedent could not be more pellucid and applicable, denies adequate representation.

4

*United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc).

By sentencing Williamson as a career offender when the guidelines exceeded their stated authority by including conspiracy as a triggering event, the district court relied on an erroneous provision. It should have sentenced him without the career offender enhancement.

Of course, the court did not have the benefit of *Bellazerius*. In fact, at the time of sentencing, the guidelines required that the court sentence him as a career offender, because he was convicted of a controlled-substance conspiracy offense. Although one circuit had found that § 4B1.1 exceeded its identified statutory authority by including conspiracies, *see United States v. Price*, 990 F.2d 1367 (D.C. Cir. 1993), other circuits had upheld the provision, *see United States v. Heim*, 15 F.3d 830, 831-32 & n.1 (9th Cir. 1994) (and cases cited therein). None of our cases had questioned the provision, and in one we had upheld the sentence of a career offender, designated as such based on a conspiracy conviction, without any hint that the enhancement provision might not be able to include conspiracies. *See United States v. Williams*, No. 93-8099 (5th Cir. Aug. 30, 1993) (unpublished).

But that does not preclude us from finding plain error. "Where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 117 S. Ct. 1544, 1548-49 (1997).[8] *Bellazerius* was circuit law at the time we decided Williamson's appeal, making the error obvious at that time. Hence, the district court—albeit understandably—committed plain error.

The error obviously affected Williamson's substantial rights. If he was classified as a career offender, the guidelines provided for a sentence of 360 months to life. Under his original base offense level, absent the enhancement, his guidelines imprisonment range would have been 140 to 175 months. An increase in his sentence from fewer than 15 years to 30 years indisputably and prejudicially affects his rights.

We also conclude that we would have exercised our discretion to correct the error—a simple task that would not have required a hearing or the introduction of evidence.[9] More fundamentally, leaving Williamson incarcerated for 30 years when he should have been sentenced to no more than 15 under existing precedent, especially when we gave the benefit of the legal rule to others appealing their convictions during that time, seriously would affect the fairness, integrity and public reputation of judicial proceedings by undermining the rule of law.[10]

---

[8] *See also, e.g., United States v. Jobe*, 101 F.3d 1046, 1062 (5th Cir. 1996) (permitting plain error review based on intervening change in law); (continued...)

[8](...continued) *United States v. Knowles*, 29 F.3d 947, 951 (5th Cir. 1994) (applying recent newly announced rule to reverse conviction on direct appeal under plain error review).

[9] *Cf. Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1129 (5th Cir. 1997) (holding simplicity of correcting plain error on remand favors exercising discretion to correct it).

[10] *See United States v. Aderholt*, 87 F.3d 740, 744 (5th Cir. 1996) (finding plain sentencing calcula- (continued...)

5

We can provide relief in these collateral proceedings by correcting the error now. We REVERSE the court's denial of Williamson's § 2255 motion, VACATE the sentence, and REMAND for resentencing under the then-applicable guidelines without the career offender enhancement.[11]

---

[10](...continued)
tion errors seriously affected the fairness and integrity of the judicial proceeding); *United States v. Franks*, 46 F.3d 402, 405 (5th Cir. 1995) (finding "substantially longer sentence" of 63 months longer than defendant should have received "seriously affected" the fairness and integrity of judicial proceedings); *United States v. Cabral-Castillo*, 35 F.3d 182, 189 (5th Cir. 1994) (finding, in fairness, that district court should correct plain sentencing errors on remand).

[11] We do not reach the other alleged errors that Williamson briefed. The district court did not grant a COA on these issues; nor did Williamson request that we review them until his reply brief. Merely briefing issues does not bring them before us in the absence of a COA, especially where the district court has certified other issues. *See United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998).

# United States District Court
## Southern District of Texas

Holding Session in Brownsville

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| TERRY WILLIAMSON | Case Number: 1:93CR00132-S2-004 |

☐ See Additional Aliases - Sheet

Date of Original Judgment: **February 22, 1994**
(or Date of Last Amended Judgment)

**Emilio Rodriguez**
Defendant's Attorney

☑ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P.35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P.35(c))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563 (c) or 3583 (e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582 (c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guideline (18 U.S.C. § 3582 (c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255.
☐ 18 U.S.C. § 3559 (c)(7). or ☐ Modification of Restitution Order

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s _____ which was accepted by the court.
☑ was found guilty on count(s) two on 12/14/93 _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(B) | Conspiracy to possess, with intent to distribute, approximately 1,542 lbs.(699.45 kilograms) of marihuana. | 01/09/1993 | 2 |

☐ See Additional Counts of Conviction - Sheet

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: 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
Defendant's Date of Birth: 9/25/1947
Defendant's USM No.: 39570-079
Defendant's Residence Address:
P. O. Box 1606
California Road
Los Fresnos

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _O.H. Redondo_
Deputy Clerk

Defendant's Mailing Address:
P. O. Box 1606
California Road
Los Fresnos    TX    78566

February 22, 1994
Date of Imposition of Judgment

Signature of Judicial Officer

**FILEMON B. VELA**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

8/31/99
Date

AF/scb

B