IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
AUG 2 9 2002
Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff-Respondent, § | |
| § | |
| v. § | CR. NO. B-93-132-1 |
| § | |
| TERRY WILLIAMSON, § | |
|    Defendant-Petitioner. § | |
| (C.A. NO. B-97-016) | |

RESPONDENT'S ANSWER TO SECTION 2255 MOTION
MOTION FOR SUMMARY DENIAL AND BRIEF

The United States of America ("the government"), by the United States Attorney for the Southern District of Texas, files this Answer to the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 21 U.S.C. § 2255 (Cv.Doc.[1]14) and Brief.

Statement of the Case

Williamson was charged in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal Number B-93-132-S2, with conspiring to possess approximately 1,542 pounds [or approximately 699 kilograms] of marihuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] "Doc." refers to the document filed in the underlying criminal case and is followed by the document number; "Cv.Doc." refers to the document filed in the civil case and is followed by the document number.

841(b)(1)(B) and 846 (Doc.133). After the United States filed notice of a prior conviction (Doc.213); and, after a jury trial (Docs.217-221, 226), Williamson was convicted of the conspiracy charge (Doc.232). He was sentenced to 360 months confinement, a five-year term of supervised release and ordered to pay a $50 special assessment (Doc.316).

Williamson appealed his conviction to the Fifth Circuit, and it was affirmed in an unpublished opinion filed on August 7, 1995 (Docs.394, 396). On January 29, 1997, Williamson filed a motion to vacate sentence under 28 U.S.C. § 2255 raising six grounds (Cr.Doc.432; Cv.Doc.1). Williamson claimed (1) this court improperly applied the career offender guideline to his sentence; (2) he was denied his right to testify; (3) his attorney failed to communicate a plea offer; (4) the jury should have been instructed on the defenses of entrapment and misprision of a felony; and (5) he was denied his right to effective assistance of counsel due to his attorney's failure to investigate, to litigate whether the career offender guideline should apply and due to his refusal to allow him to testify (Cr.Doc.432; Cv.Doc.1). This court granted the United States' motion for summary judgment and dismissed the motion in a written order (Cv.Doc.8). Williamson moved for a certificate of appealability and this court granted it only as to the issues relating to application of the career offender guideline (Cv.Docs.10,11). In a published opinion dated August 17, 1999, the Court of

Appeals for the Fifth Circuit addressed the issues permitted in the certificate of appealability. *United States v. Williamson*, 183 F.3d 458, 461 (5th Cir. 1999) (Cr.Docs.446,447; Cv.Docs.12,13). It concluded that the issue of whether the guideline had been misapplied was not cognizable under § 2255; but also found that Williamson had been denied effective assistance of counsel on appeal because his appellate attorney failed to litigate application of the career offender guideline. *Id.* at 461-64. The court reversed the denial of relief under § 2255, vacated the sentence and remanded for resentencing "under the then-applicable guidelines without the career offender enhancement." *Id.* The court noted that under Williamson's original base offense level, absent the career offender enhancement, his guideline imprisonment range would have been 140 to 175 months. *Id.* The court refused to address issues on which this court did not grant a certificate of appealability. *Id.* at n.11.

On August 31, 1999, this court resentenced Williamson by signing an amended judgment, and imposed a sentence of 175 months confinement (Cr.Doc.445). The amended judgment reflects that this court adopted the presentence report, which calculated Williamson's offense level at 28 and his criminal history category as VI, with a resulting guideline range of imprisonment of between 140 and 175 months

(Cr.Doc.445). The amended judgment also reflects the reason for the point selected within the guideline range was the amount of drugs involved:

> The 1542 lbs. (699.45 kilograms [KG] of marihuana used as the basis to determine the base offense level almost surpassed the 400 KG to 700 KG marihuana range for that level. Therefore, a sentence at the upper end of the sentencing guideline is deemed appropriate. The sentence meets the sentencing objectives of providing just punishment, affords adequate deterrence, promotes respect for the law, and reflects the seriousness of the offense.

(Cr.Doc.445).

Williamson filed another Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 United States Code, Section 2255 and Brief in this court on August 31, 2000 (Cv.Doc.14). He argued (1) that this court violated Fed.R.Crim.P. 32(a)(1)(C), by denying him the right to allocution at his resentencing (2) that this court denied him his Sixth Amendment Right to counsel by failing to appoint him an attorney at his resentencing and (3), that this court acted vindictively in imposing an enhanced sentence on remand in retaliation for the exercise of his right of appeal (Cv.Doc.14).

In January 22, 2001, Williamson filed a motion styled "Motion to Amend Motion to Vacate under 28 U.S.C. § 2255, claiming that under the Supreme Court's decision in *Apprendi*, his sentence should not have exceeded the five year statutory maximum authorized by 21 U.S.C. § 841(b)(1)(D) (Cr.Doc.448; Cv.Doc.15). The

United States responded with a Motion to Dismiss and Answer filed on March 8, 2001 (Doc.452; Cv.Doc.18). On May 11, 2001, this court entered an order denying Williamson leave to amend and granting the United States motion to dismiss (Doc.453; Cv.Doc.20). On December 11, 2002, this court denied Williamson a certificate of appealability (Cv.Doc.26). Williamson sought a certificate of appealability in the Court of Appeals for the Fifth Circuit; and, in an opinion filed on May 7, 2002, that court found that Williamson was attempting to appeal from a order that was not final because this court had not disposed of all of his claims (Cv.Doc.28). It also requested this court to clarify whether it was dismissing Williamson's claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) as successive or because they lacked merit (Cv.Doc.28).

On July 29, 2002, Williamson filed a motion with this court "To Properly Sentence Defendant as Mandated by the Fifth Circuit's Order and Rules 43(a), & 32(a)(1) Fed.R.Crim.P. (Cv.Doc.29). On July 30, 2002, this court entered an order granting Williamson his motion to amend (Cv.Doc.30). It also ordered the United States to respond to the other issues raised in Williamson's motion pursuant to § 2255 (Cv.Doc.30).

## Statement of Facts

In its opinion on appeal, the Fifth Circuit summarized the facts in relation to the prosecution against Williamson and found the evidence legally sufficient to support his conviction:

> The evidence at trial was sufficient to allow a rational jury to find that Williamson agreed to participate in the count 2 conspiracy and to support Williamson's conviction on count 2. The evidence at trial supported a finding that Williamson was a middleman who agreed to find buyers for Valencia's marijuana. At a videotaped meeting on December 5, 1991, Valencia told the informants of his intention to meet with Williamson to discuss the aborted delivery of the Boston marijuana load. Testimony at trial indicated that Valencia and Galvan later visited Williamson to discuss the Boston load. Then, in another videotaped meeting on December 8, 1992, Williamson himself told Valencia and the informants of his efforts to sell all or part of the Boston marijuana load to prospective buyers in Boston or Cincinnati. Williamson spoke on the tape about arrangements for the transfer of the marijuana to buyers.
>
> Williamson argues that he negotiated possible participation in the conspiracy but that he never agreed to participate. On the tapes, Williamson explains why the deal with the buyers in Boston fell through and generally expresses uncertainty about finding a buyer. In the end, Williamson never consummated a transaction in Boston, and the marijuana transported to Boston was never actually delivered to a buyer.
>
> However, Williamson's agreement to join the conspiracy was not based on an agreement to purchase marijuana but rather to serve as a middleman and find a buyer for the marijuana. The tapes show that he agreed to engage in that activity. The fact that a purchase in Boston never occurred does not effect the existence of Williamson's agreement to participate in the conspiracy in his role as middleman. In a similar case, the Fifth Circuit found sufficient evidence of participation in a

drug conspiracy where the evidence showed that a middleman knew of a drug delivery and had agreed to call a potential purchaser even though he never successfully contacted the purchaser to arrange the sale. United States v. Rena, 981 F.2d 765, 771 (5th Cir. 1993). The evidence against Williamson is at least as strong as the evidence supporting the conviction in that case.

(Doc. 394).

## ISSUES RAISED

1)   Whether, on resentencing, Williamson had a right to allocute pursuant to Fed.R.Crim.P. 32 that was denied him.

2)   Whether, on resentencing, Williamson had a Sixth Amendment right to counsel that was denied him.

3)   Whether Williamson has failed to establish that this court, on resentencing, acted vindictively and in retaliation for Williamson's exercise of his right of appeal.

## ANSWER, MOTION FOR SUMMARY DENIAL AND BRIEF

### Cause and Prejudice

Williamson took no direct appeal from this court's order resentencing him to 175 months. He must therefore demonstrate, for each of his claims, cause for his procedural default and prejudice. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982). A showing of cause requires a showing of some external impediment that prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991). To show prejudice, the

defendant must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original). As the Court in *Frady* explained, to demonstrate prejudice, a defendant on collateral review must show more than what would be required to demonstrate plain error. *Id.* 456 U.S. at 166, 102 S.Ct. at 1593. Williamson has failed to plead facts that would support a finding of either cause or prejudice. In addition, as discussed below, the record affirmatively reflects in relation to each of Williamson's claims that he cannot demonstrate prejudice. The United States therefore seeks summary dismissal on the ground that Williamson has procedural defaulted his claims.

### Denial of the Right to Allocute

"'A defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking.'" *United States v. Erwin*, 277 F.3d 727, 731 (5th Cir. 2001) (quoting *United States v. Patterson*, 42 F.3d 246, 248 (5th Cir. 1994)). For instance, "[a] defendant is entitled to be present when the district court is imposing a new sentence after the original sentence has been set aside; however, a defendant does not have a right to be present when his sentence is merely modified by the district court." *Id.* Although the Court of Appeals vacated Williamson's sentence on direct appeal from the denial of relief pursuant to § 2255,

it did so pursuant to 28 U.S.C. § 2255. At least one court has held that a defendant does not have a right pursuant to § 2255 to be present and to allocute at his resentencing. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997); *see also United States v. Tidwell*, 178 F.3d 946, 950 and n.2 (7th Cir. 1999) (citing language of 28 U.S.C. § 2255).

Even if Williamson had a right to be present at the resentencing, he cannot demonstrate the requisite degree of prejudice necessary to remedy his procedural default in failing to raise this issue in a direct appeal from the amended judgment. Because this court never conducted a hearing on resentencing, the United States was also not given an opportunity to be present. If the United States had been present, it could have made an argument similar to the one made in response to Williamson's claim in his first motion under § 2255, that is, that this court's original application of the career offender guideline did not constitute a misapplication of the guidelines because Williamson had prior convictions for substantive narcotics trafficking offenses as well as for conspiracy narcotics offenses (Doc.441,pp.6-7). As the United States argued in that pleading:

> The presentence report reflects that Williamson was previously convicted of substantive drug trafficking offenses. On June 10, 1985, he was convicted in the United States District Court for Northern Oklahoma, Criminal No. 84-125, of conspiracy to possess marihuana (count 1) and possession with intent to distribute (count 2). (Presentence

.
.

> Report ("PSR") at p. 14). On the same day he was also convicted in the United States District Court for Northern Oklahoma, Criminal No. 85-005, of possession of cocaine with intent to distribute (PSR at p. 15). On June 17, 1985, he was convicted in Oklahoma District Court, Tulsa County, Criminal Number 85-1861, of one count of possession of cocaine with intent to distribute and one count of possession of tuinal with intent to distribute (PSR at p. 15). Williamson was also convicted of two additional charges of conspiracy to traffic in drugs: on October 2, 1987, he plea guilty to conspiracy to possess marihuana with intent to distribute in the United States District Court for the Southern District of Texas, Brownsville Division, Criminal Number B-87-275; and, on April 28, 1988, he plead guilty to conspiracy to distribute cocaine and marihuana in Criminal Number 86-172 in the United States District Court for the Northern District of Oklahoma (PSR at p. 16-17). At sentencing, defense counsel argued that the career offender guideline should not apply because Williamson's prior convictions were related in that he received concurrent sentences on the prior convictions (Tr. Feb.22, 1994 at pp. 17-18). Observing that he had been previously convicted of offenses involving cocaine and marihuana, the court rejected the argument. *Id.* This ruling was a correct application of the law in this circuit. *See United States v. Castro-Perpia*, 932 F.2d 364, 366 (5th Cir. 1991); *United States v. Metcalf*, 898 F.2d 43, 46 (5th Cir. 1990); *United States v. Flores*, 875 F.2d 1110, 1114 (5th Cir. 1989). Because the district court did not rely solely on conspiracy convictions to support application of the career offender guideline, Williamson's claim of a misapplication of the guidelines is refuted by the record. For the same reason, his claim that counsel's performance was deficient for failing to litigate that issue must also fail.

(Doc. 441, pp.6-7). Due to an apparent oversight, the United States, represented by the undersigned Assistant United States Attorney, failed to bring this argument to the appellate court's attention. The result of the United States' omission was an opinion from the Fifth Circuit that precluded application of the career offender guideline on

resentencing. The opinion, however, did not preclude this court from taking into account the fact that a factual basis for application of the career offender guideline still exists in the record as a ground for an upward departure from the guidelines. *See United States v. Alford*, 142 F.3d 825, 828, 830-31 (5th Cir. 1998) (upward departure based on under-representation of criminal history permissible, with court noting that defendant was a career offender even though certain prior convictions could not be counted under the guidelines). Since this court never considered whether Williamson's criminal history category was underrepresented at resentencing; and, since a valid basis for upward departure existed, Williamson was not prejudiced by this court's decision to impose a sentence within the guideline range without hearing from the parties.

### Denial of Sixth Amendment Right to Counsel

Williamson also contends he was denied his Sixth Amendment right to counsel because this court did not appoint counsel to represent him at the resentencing. "It is well settled that ... [the Sixth Amendment] means that a defendant is entitled to be represented by counsel at all critical stages of a criminal proceeding against him; critical stages of a criminal proceeding are those stages of the proceeding at which the substantial rights of a defendant may be affected." *United States v. Taylor*, 933 F.2d 307, 311-13 (5th Cir. 1991) (citations omitted). "Sentencing is a critical stage of

a criminal proceeding. Actual denial of the assistance of counsel at resentencing is legally presumed to result in prejudice." *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir. 1992). The Sixth Amendment right to counsel, however, extends only through the defendant's first appeal. *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (and authorities cited therein). Williamson had no right to counsel pursuant to a resentencing pursuant to § 2255, especially where no adversarial hearing was conducted. Nor did Williamson have a due process right to counsel because this is not a case where fundamental fairness required the assistance of a trained advocate for purposes of his resentencing. *See id.* at 1011 n. 3.

Assuming *arguendo*, that Williamson was denied his constitutional right to counsel, he cannot demonstrate the requisite degree of prejudice to remedy his procedural default in failing to raise this issue in a direct appeal. At discussed in relation to his claim of a denial of a right to allocution, the failure by this court to conduct a hearing apparently inured to his benefit because it prevented the United States from seeking an upward departure based on his criminal history category.

### Judicial Vindictiveness

Finally, Williamson contends that this court acted vindictively in resentencing him. He argues that the imposition of a sentence at the high end of the guideline range is inconsistent with this court having sentenced everyone, including himself,

at his original sentencing hearing to the lowest guideline sentence. In the context of resentencing, due process of law requires "that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Alabama v. Smith*, 490 U.S. 794, 798, 109 S.Ct. 2201, 2204 (1989) (citing *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080 (1969)). To ensure the absence of such motivation, the Supreme Court in *Pearce* imposed a presumption of vindictive purpose whenever a sentencing judge imposes a more severe sentence upon a defendant after a new trial and where the reasons for such sentence do not affirmatively appear. *Id.* (citing *Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081).

No presumption arises, however, when the overall second sentence is less severe than the first. *United States v. Campbell*, 106 F.3d 64, 68-69 (5th Cir. 1997); *see also United States v. Mata*, 133 F.3d 200, 202 (2d Cir. 1998). Here, the 175-month sentence imposed was well below the 360-month sentence originally imposed, therefore there is no presumption of prejudice. Where there is no presumption of prejudice, the defendant bears the burden of demonstrating actual vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 2204-05 (1989) (citing *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217 (1984)). Since Williamson has failed to assert facts that would support a finding of actual

13

vindictiveness, he has failed to demonstrate he is entitled to relief on this ground. *See United States v. Wells*, 262 F.3d 455, 467 (5th Cir. 2001) (court had to reject claim of vindictiveness by prosecutor where defendant presented no evidence of actual vindictiveness and presumption did not apply). In any case, he cannot demonstrate the requisite degree of prejudice that would remedy his procedural default in failing to raise this issue in a direct appeal from the resentencing.

## CONCLUSION

Based on the foregoing, Williamson's motion for relief under § 2255 should be summarily denied.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

KATHLYN G. SNYDER
Assistant United States Attorney
Texas Bar No. 07839300
Federal ID No. 14456
P.O. Box 61129
Houston, Texas 77208-1129
(713) 567-9368

ATTORNEYS FOR RESPONDENT-PLAINTIFF

## CERTIFICATE OF SERVICE

I, Kathlyn G. Snyder, Assistant United States Attorney, do hereby certify that a true and correct copy of the above and foregoing Answer to Section 2255 Motion, Motion for Summary Denial and Brief has been served by placing same in the United States mail on August 28, 2002, addressed to:

Terry Dewayne Williamson
No. 39570-079
P.O. Box 15330
Fort Worth, TX 76119

_____
KATHLYN G. SNYDER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff-Respondent, | § | |
| | § | C.A. NO. B-97-16 |
| v. | § | CR. NO. B-93-132-4 |
| | § | |
| TERRY WILLIAMSON, | § | |
|    Defendant-Petitioner. | § | |

## ORDER

Pending before this court is petitioner's motion for relief under 28 U.S.C. § 2255 (Cv.Doc.14). After considering petitioner's motion and the United States' Answer, Motion for Summary Denial and Brief, as well the government's Motion to Dismiss and Answer filed on March 8, 2001 (Cv.Doc.18), this court is of the view that relief should be denied for the reasons set forth in the United States' responsive pleadings.

 

Filemon B. Vela
United States District Judge